Leo VARTANIAN, Plaintiff–Appellant,

v.

MONSANTO COMPANY, et al.,
Defendants–Appellees.

No. 93–1611.

United States Court of Appeals,
First Circuit.

Heard Oct. 7, 1993.

Decided Feb. 2, 1994.

John C. Sikorski, with whom Robinson Donovan Madden & Madden, P.C., was on brief for appellant.

Richard J. Pautler, with whom Richard P. Sher, Peper, Martin, Jensen, Maichel and Hetlage, Francis D. Dibble, Jr., Bulkley, Richardon and Gelinas, and John S. Morrison, were on brief for appellees.

Before TORRUELLA, Circuit Judge, BOWNES, Senior Circuit Judge, and CYR, Circuit Judge.

TORRUELLA, Circuit Judge.

Appellant Leo Vartanian ("Vartanian") brought claims against his former employer, Appellee Monsanto Chemical Company ("Monsanto"), under the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, pursuant to Section 502(a) of ERISA, 29 U.S.C. 1132(a), as well as under common law,[1] asserting that Monsanto breached its fiduciary duty and engaged in unlawful discrimination and misrepresentation. The district court dismissed Vartanian's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), 822 F.Supp. 36. Vartanian appeals the district court's dismissal of his claims.

According to the facts alleged by Vartanian, Vartanian worked for Monsanto for nearly 37 years. He was a participant in the Monsanto Company Salaried Employees Pension Plan ("1986 Plan"). The 1986 Plan offered several options to retirees, including the option to receive various types of periodic payments (annuities) or to take all benefits in a lump sum. In accordance with the requirements of the 1986 Plan, Vartanian submitted a lump sum distribution request at least one year prior to his anticipated early retirement date. Vartanian submitted this request in March, 1990 for an anticipated early retirement date of May 1, 1991.

In February, 1991, Vartanian started to hear rumors that Monsanto was going to offer a more favorable early retirement package as a retirement incentive in the near future. Monsanto had a history of using early retirement incentive programs, having done so in 1981, 1985 and 1990. As rumors of early retirement offerings persisted, sometime in February or March, 1991, Vartanian asked his supervisor about the possibility of an early retirement offering and requested that the supervisor inquire about this possibility. Several weeks later, Vartanian's supervisor responded that he could not confirm any rumors and that there were "no plans" regarding the early retirement offer.

---

1. Vartanian's complaint alleges a claim for common law misrepresentation, without specifying whether he means federal or state common law. The district court in its opinion clearly interpreted the claim to be a claim under state common law. Rather than filing a motion to reconsider with the district court and explaining to the district court that it had mistakenly considered his claim to assert a state law claim rather than a federal law claim, Vartanian appealed the district court's order of dismissal. In the present case, we review the district court's decision and find it unnecessary to recognize a federal common law claim. *See infra* note 5 and accompanying text.

In April, 1991, Vartanian repeated the same inquiry to his supervisor who again responded that there were no plans regarding an early retirement arrangement. Vartanian also questioned the Springfield Personnel Supervisor as to the possibility of an early retirement incentive offering and was told that there were no plans for any such offering. The Springfield supervisor asked Vartanian if he would refrain from retiring on May 1, 1991 if such a program were available. Vartanian responded that he would want to study any new program and certainly have the option of delaying the effective date of his early retirement, depending on the option. Vartanian had in fact postponed a previously elected early retirement so he could work on certain projects for Monsanto. Vartanian retired as of May 1, 1991, and took a lump sum distribution of approximately $509,000 under the 1986 Plan.

On or about June 28, 1991, Monsanto's Board of Directors approved a restructuring plan which involved consolidating manufacturing operations, closing plants, reorganizing businesses and reducing the number of employees. As of February, 1991, when Vartanian made specific inquiries about early retirement incentive programs, Monsanto had, in fact, already given serious consideration to staff reductions and changes in the 1986 Pension Plan and was contemplating the formation of the Monsanto Special Voluntary Retirement Plan ("1991 Plan").

Vartanian alleges that he was denied a reasonable opportunity to make an informed decision about when to retire because Monsanto failed to disclose its consideration of an enhanced severance program. If Vartanian had received complete and truthful information, he would have continued to work at Monsanto until December 1, 1991 and, thus, would have been eligible for full benefits under the 1991 Plan announced on June 28, 1991.

Vartanian exhausted all administrative procedures and plan appeal procedures in his claim for benefits under the 1991 Plan. Monsanto denied Vartanian's claim because he had retired on May 1, 1991 and, therefore, was not employed by Monsanto on October 1,

1991, which was a requirement for eligibility to participate in the 1991 Plan.

In the court below, Vartanian alleged that Monsanto breached its fiduciary duty in violation of 29 U.S.C. § 1104(a) by failing to disclose its intention to create a new, more generous retirement package or the fact that the company was giving "serious consideration" to such a plan. Vartanian claimed that as a result of his reliance on Monsanto's misleading statements to the effect that the company did not intend to create a more generous retirement package, he missed the opportunity to retire under the more advantageous provisions of the new plan which went into effect shortly after his retirement. Vartanian also alleged unlawful discrimination in violation of Section 510 of ERISA, 29 U.S.C. § 1140.

Under Section 502 of ERISA, 29 U.S.C. § 1132(a), only a "participant" or "beneficiary" may bring a private civil action. Vartanian claims that he had standing to sue because he was a "participant." The district court found, however, that Vartanian was not a "participant" as defined by 29 U.S.C. § 1002(7) of ERISA and thus, did not have standing to sue under Section 502. Because Section 502 is the sole civil enforcement provision of ERISA, the district court dismissed both of Vartanian's ERISA claims. The district court also dismissed Vartanian's common law claims alleging misrepresentation. The court found that because these are state law claims which "relate to" ERISA, they are therefore preempted by Section 514(a) of ERISA, 29 U.S.C. § 1144(a).

On appeal, Vartanian maintains that the district court erred in dismissing his claims. Vartanian argues that, at the time Monsanto made the alleged misrepresentations, he was a "participant" in an employee benefit plan (the 1986 Plan), that Monsanto's breach of its fiduciary duty caused him to leave shortly before the 1991 Plan was adopted. Furthermore, Vartanian claims that but for Monsanto's misrepresentations, he would be a "participant" in the 1991 Plan under 29 U.S.C. § 1002(7) and, as such, he has standing to assert claims for breach of fiduciary duty, unlawful discrimination and misrepresenta-

tion under ERISA.[2] He argues that the ERISA definition of "participant" refers to a person who is, or may become eligible for benefits *"from an employee benefits plan"* and does not require that the person be eligible for benefits from *two* employee benefit plans. Thus, because he was a participant in the 1986 Plan, he claims that, it was not necessary that he be a participant in the 1991 Plan in order to have standing under ERISA. In the alternative, Vartanian argues that, even if he does not have standing to assert claims under ERISA, this federal statute does not preempt his state common law claims and this case should be remanded to the district court for further proceedings to determine the merits of his common law claims.

## STANDARD OF REVIEW

■ We review the district court's decision to grant the motion to dismiss Vartanian's claim under Federal Rule of Civil Procedure 12(b)(6) *de novo*. *Kale v. Combined Ins. Co. of America*, 924 F.2d 1161, 1165 (1st Cir. 1991). We must accept the allegations of the complaint as true, and if, under any theory, the allegations are sufficient to state a cause of action in accordance with the law, we must deny the motion to dismiss. *Knight v. Mills*, 836 F.2d 659 (1st Cir.1987).

## PREEMPTION

■ We first examine the district court's finding that Vartanian's state law claims are preempted by Section 514(a) of ERISA, 29 U.S.C. § 1144(a).

Section 514 of ERISA supersedes "any and all State laws insofar as they may now or hereafter *relate* to any employee benefit plan...." 29 U.S.C. § 1144(a) (emphasis added). The Supreme Court has established that "a law 'relates to' an employee benefit plan ... if it has a connection with or reference to such a plan." *Ingersoll–Rand, Co. v. McClendon*, 498 U.S. 133, 139, 111 S.Ct. 478, 483, 112 L.Ed.2d 474 (1990).

In *Ingersoll–Rand, Co.*, the Supreme Court identified two tests for determining whether a cause of action "relates to" and is thus, preempted by ERISA. First, a law is expressly preempted by ERISA where a plaintiff, in order to prevail, must plead, and the court must find, that an ERISA plan exists. *Id.* at 140, 111 S.Ct. at 483. The cause of action "relates to" an ERISA plan in this context because the court's inquiry must be directed to the plan. *Id.* Second, even where there is no express preemption, a cause of action is preempted if it conflicts directly with an ERISA cause of action. *Id.* at 142, 111 S.Ct. at 484.

In the present case, the existence of the 1991 Plan is inseparably connected to any determination of liability under state common law of misrepresentation. There is simply no cause of action if there is no plan. *See id.* at 140, 111 S.Ct. at 483. The alleged misrepresentations by Monsanto relate to the existence of the 1991 Plan and in order to prevail under a state common law claim for misrepresentation, Vartanian would undoubtedly have to plead, and the Court would have to find, that the 1991 Plan exists. *See id.* at 140, 111 S.Ct. at 483. Thus, under the first test set forth in *Ingersoll–Rand, Co.*, Vartanian's claims "relate to" an ERISA plan and are expressly preempted by ERISA. *See Smith v. Durham–Bush, Inc.*, 959 F.2d 6, 11–12 (2d Cir.1992); *see also Sanson v. General Motors Corp.*, 966 F.2d 618, 621 (11th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 1578, 123 L.Ed.2d 146 (1993).

Therefore, we affirm the portion of the district court's opinion holding that Vartanian's state common law claims of negligent misrepresentation are preempted by ERISA.

## ERISA CLAIMS

■ Next, we examine the district court's finding that Vartanian did not have standing to pursue a civil claim under ERISA.

Section 502, the civil enforcement provision of ERISA, provides that a "civil action may

---

**2.** Vartanian also points out that the 1991 Plan had two components, enhancement of benefits under the 1986 Plan and a separate cash pay-

ment. He suggests that he is a participant in that portion of the 1991 Plan that consists of an enhancement of benefits under the 1986 Plan.

be brought by a participant or beneficiary[3] to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). ERISA defines the term "participant" as:

> any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive such benefit.

29 U.S.C. § 1002(7).

In *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989), the Supreme Court discussed the meaning of the term "participant":

> the term "participant" is naturally read to mean either "employees in, or reasonably expected to be in, currently covered employment," *Saladino v. I.L.G.W.U. National Retirement Fund,* 754 F.2d 473, 476 (CA2 1985), or former employees who "have ... a reasonable expectation of returning to covered employment" or who have "a colorable claim" to vested benefits, *Kuntz v. Reese,* 785 F.2d 1410, 1411 (CA9) *(per curiam ), cert. denied,* 479 U.S. 916 [107 S.Ct. 318, 93 L.Ed.2d 291] (1986). In order to establish that he or she "may become eligible" for benefits, a claimant must have a colorable claim that (1) he or she will prevail in a suit for benefits, or that (2) eligibility requirements will be fulfilled in the future. "This view attributes conventional meanings to the statutory language since all employees in covered employment and former employees with a colorable claim to vested benefits 'may become eligible.' A former employee who has neither a reasonable expectation of returning to covered employment nor a colorable claim to vested benefits, however, simply does not fit within the [phrase] 'may become eligible.'" *Saladino v. I.L.G.W.U. National Retirement Fund, supra,* at 476.

*Firestone,* 489 U.S. at 117–18, 109 S.Ct. at 957–58.

Since Vartanian did not allege that he has an expectation of returning to covered employment, the district court, relying on *Firestone,* focused its inquiry on whether Vartanian had a colorable claim to vested benefits. Finding that Vartanian had no such claim, the district court held that Vartanian did not have standing to pursue a claim under ERISA. We disagree with the district court's interpretation of the standing requirements under ERISA.

The Supreme Court's discussion in *Firestone* of the ERISA term "participant" was developed outside of the "standing" context and therefore, does not mandate a finding that Vartanian has no standing to assert his claims. *See Christopher v. Mobil Oil Corp.,* 950 F.2d 1209, 1221 (5th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 68, 121 L.Ed.2d 35 (1992) ("*Firestone* ... [cannot] be read to reduce the standing question to a straightforward formula applicable in all cases.").

The Sixth Circuit recently addressed the issue of who is a "participant," for purposes of standing:

> In determining who is a "participant," for purposes of standing, the definition found in 29 U.S.C. § 1002(7) must be read in the context of traditional concepts of standing, not in the context of adjudicating the ultimate issue of the merits of plaintiffs' claim.... The doctrine of standing is concerned with whether a person is the proper party to request adjudication of a particular issue, whether a person has alleged such a personal stake in the outcome of the justiciable controversy that he should be entitled to obtain its judicial resolution. Standing focuses on a person's effort to get his complaint before a court and not on the issue he wishes to have adjudicated.

> \* \* \* \* \* \*

> *[The ultimate question is whether the plaintiff is] within the zone of interests ERISA was intended to protect.*

---

3. Appellant does not claim to be a beneficiary.

*Astor v. International Business Machines Corp.,* 7 F.3d 533, 538–39 (6th Cir.1993), (quoting *Hughes v. General Motors Corp.,* 852 F.2d 568 (6th Cir.1988) (unpublished) (citations omitted)); *see also Data Processing Service v. Camp,* 397 U.S. 150, 153, 90 S.Ct. 827, 829, 25 L.Ed.2d 184 (1970).

■ The legislative history of ERISA indicates that Congress intended the federal courts to construe the Act's jurisdictional requirements broadly in order to facilitate enforcement of its remedial provisions:

> The enforcement provisions have been designed specifically to provide both the Secretary [of Labor] and participants and beneficiaries with broad remedies for redressing or preventing violations of the [Act]. . . . *The intent of the Committee is to provide the full range of legal and equitable remedies available in both state and federal courts and to remove jurisdictional and procedural obstacles which in the past appear to have hampered effective enforcement of fiduciary responsibilities* under state law or recovery of benefits due to participants.

S.Rep. No. 127, 93d Cong., 2d Sess., 3 (1974), *reprinted in* 1974 U.S.C.C.A.N. 4639, 4871 (emphasis added).

To hold that Vartanian's state common law claims for breach of fiduciary duty are preempted by ERISA, and that he has no standing to assert his claims under ERISA, would clearly frustrate Congress's intention to remove jurisdictional and procedural obstacles to such claims.

At the time of the alleged misrepresentations, Vartanian was a "participant" in the 1986 Plan, and as such, the administrators of the plan had a fiduciary duty not to mislead Vartanian as to the prospective adoption of a plan under serious consideration. *See Berlin v. Mich. Bell Tel. Co.,* 858 F.2d 1154, 1163–64 (6th Cir.1988). Vartanian's claims thus fall squarely within the "zone of interests" ERISA was designed to protect. *See Astor,*

7 F.3d at 538–39 (former employees who are within the zone of interests ERISA was intended to protect held to be "participants" for purposes of standing).

We recognize that the 1991 Plan had not yet been made available to Vartanian at the time of Monsanto's alleged misrepresentations nor at the time of Vartanian's retirement and thus, Vartanian could not technically be a "participant" in the 1991 Plan. We believe, however, that given the broadly inclusive scope of the ERISA statute, and its preclusion of all other judicial recourse, it would be entirely consistent with the ERISA statute for this court to decline to bar Vartanian, for lack of "standing", from showing that, "but for" Monsanto's wrongful conduct, he would be a "participant" in the 1991 Plan. *Cf. Christopher,* 950 F.2d at 1221.

In reaching our conclusion, we rely on the fact that Vartanian did not know Monsanto had made misrepresentations to him and therefore, he could not have alleged a breach of fiduciary duty by Monsanto until after he had received payment under the 1986 Plan. To hold otherwise would imply that when an employer breaches its fiduciary duty to an employee under ERISA, the employee would have standing to sue only if the employee finds out all of the facts constituting the breach prior to his receipt of retirement benefits. Such a holding would enable an employer to defeat the employee's right to sue for a breach of fiduciary duty by keeping his breach a well guarded secret until the employee receives his benefits or, by distributing a lump sum and terminating benefits before the employee can file suit. The employee would have no standing to state a claim under ERISA, even where the employer's breach of fiduciary duty takes the form of misrepresentations that induced the employee to retire and receive the payment of benefits. Congress did not intend such unjust and arbitrary results.[4]

---

4. We are aware of decisions of other courts that are frequently cited for the proposition that the term "participant" excludes plaintiffs who have already received all of their vested benefits in the form of a lump sum payment under a benefit plan. *E.g., Kuntz v. Reese,* 785 F.2d 1410 (9th Cir.), *cert. denied,* 479 U.S. 916, 107 S.Ct. 318, 93

L.Ed.2d 291 (1986); *Yancy v. American Petrofina, Inc.,* 768 F.2d 707 (5th Cir.1985); *Raymond v. Mobil Oil Corp.,* 983 F.2d 1528 (10th Cir. 1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 81, 126 L.Ed.2d 49 (1993); and *Berger v. Edgewater Steel Co.,* 911 F.2d 911, 921 (3d Cir.1990), *cert. denied,* 499 U.S. 920, 111 S.Ct. 1310, 113

Our conclusion is consistent with the Fifth Circuit's decision in *Christopher*, in which the court indicated that

> it would seem ... logical to say that but for the employer's conduct alleged to be in violation of ERISA, the employee would be a current employee with a reasonable expectation of receiving benefits, and the employer should not be able through its own malfeasance to defeat the employee's standing.

*Christopher*, 950 F.2d at 1221. *Contra Raymond*, 983 F.2d at 1536.

We hold that where an employee alleges a decision to retire based on alleged misrepresentations by his employer amounting to a breach of fiduciary duty, and the true facts are not available to the employee until after the employee has received all his vested benefits under a plan; and further, where the employee shows that in the absence of the employer's breach of fiduciary duty he would have been entitled to greater benefits than those which he received, then his receipt of payment cannot be used to deprive him of "participant" status and hence, standing to sue under ERISA. Thus, Vartanian has standing to assert his claims under ERISA even though he has already received his benefits under the 1986 Plan.

### FEDERAL COMMON LAW

On appeal, Vartanian requests that this court recognize a federal common law claim for misrepresentation.

Although this court has noted that Congress has contemplated that the federal courts "*in the interests of justice,* would engage in interstitial lawmaking in ERISA cases *in much the same way as the courts fashioned a federal common law of labor relations under section 301* of [the Labor Management Relations Act][,]" *Nash v. Trustees of Boston Univ.*, 946 F.2d 960, 965 (1st Cir.1991) (citations omitted), we deny Vartanian's request because it is not neces-

sary that we reach this issue given the present ruling.

Because we have held that Vartanian has standing to pursue his claims under ERISA, we find that justice does not require that we recognize a federal common law claim of negligent misrepresentation.[5]

*We affirm that portion of the district court's order dismissing Vartanian's state claims for common law negligent misrepresentation. We reverse the portion of the order dismissing Vartanian's claims under ERISA and remand this case to the district court for decision on the merits of Vartanian's ERISA claims.*

---

L.Ed.2d 244 (1991). These cases hold that such plaintiffs lack standing to sue under ERISA because they cannot establish that they were former employees with a colorable claim to vested benefits.

**5.** We express no view on whether, under different circumstances, such a federal common law claim should be recognized.