Victor E. CARLO, Jr. and Kathleen M. Carlo, Plaintiffs–Appellants,

v.

REED ROLLED THREAD DIE COMPANY, Defendant–Appellee.

No. 94–1786.

United States Court of Appeals, First Circuit.

Heard Dec. 8, 1994.

Decided March 3, 1995.

John W. Spillane, with whom John J. Spillane was on brief, for appellants.

Thomas J. Scannell, with whom Michael P. Angelini and Bowditch & Dewey were on brief, for appellee.

Before TORRUELLA, Chief Judge, BOWNES, Senior Circuit Judge, and CYR, Circuit Judge.

TORRUELLA, Chief Judge.

This appeal requires us to decide whether ERISA preempts a state law claim of negligent misrepresentation against an employer based upon the employer's representations regarding the employee's prospective benefits under an early retirement program. For the following reasons, we find that the state law claims are preempted, and affirm the district court's ruling.

## I. PROCEDURAL BACKGROUND

The plaintiffs-appellants, Victor E. Carlo, Jr. and Kathleen M. Carlo (the "Carlos"), commenced this action against the defendant-appellee, Reed Rolled Thread Die Co., a Division of Quamco, Inc. ("Reed"), in Massachusetts state court in December 1991. In their original complaint, the Carlos alleged various state law claims with respect to

Reed's early retirement plan. Reed removed the case to federal district court in January 1992, alleging that federal law preempted the Carlos' claims. On Reed's subsequent Motion to Dismiss, the district court found that all of the Carlos' state law claims were preempted by § 514(a) of the Employee Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, § 1144(a). Accordingly, the district court dismissed the Carlos' complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a cause of action. The Carlos subsequently filed a Motion to Amend their Complaint. Concluding that the Proposed Amended Complaint still failed to allege a viable federal claim, the district court denied the Motion to Amend and dismissed the Carlos' complaint. On March 2, 1994, the Carlos filed a Motion to Reconsider, arguing that a recent decision from the Massachusetts Supreme Judicial Court changed the ERISA preemption analysis and rendered their state law claims viable. The district court denied the Motion to Reconsider, and the Carlos filed this appeal. Reed filed a Motion to Dismiss the Appeal, which was denied by this Court on September 8, 1994. We hereby affirm the underlying decision of the district court.

## II. FACTUAL BACKGROUND

The essential allegations of the Carlos' complaint are as follows: Mr. Carlo is a former employee of Reed and is a participant in the Quamco, Inc. Retirement Plan (the "Plan"). In July 1988, Reed offered Mr. Carlo early retirement under an Early Retirement Program (the "ERP"). Mr. Carlo met with William Baldino ("Baldino"), Reed's Personnel Manager, to discuss the benefits he would receive if he elected the early retirement option. Baldino informed Mr. Carlo of his expected monthly benefits, and indicated that the figures had been certified by Reed's corporate program administrator. Mr. Carlo elected to accept the early retirement offer, allegedly in reliance on the figures provided him by Baldino.

In December 1988, Reed notified Mr. Carlo of his actual benefits under the ERP. The actual monthly benefit was approximately twenty percent less than the benefit Carlo expected to receive based on Baldino's earlier representations. Reed claimed that it had made a calculation error when it determined the benefits represented to Mr. Carlo in July 1988. By letter dated December 30, 1988, Baldino apologized to Mr. Carlo for his error in calculating Mr. Carlo's pension benefits and offered Mr. Carlo the opportunity to continue working in the position he then held. Baldino's letter stated that the offer to continue working would remain open until January 10, 1989. If Mr. Carlo did not accept within this period, the letter continued, Reed would presume that Mr. Carlo was rejecting the employment offer and accepting the modified Early Retirement option. Carlo did not accept the offer before the January 10 deadline. Rather, he decided to take early retirement in April 1989, allegedly under protest.

On December 3, 1991, the Carlos brought this action in Massachusetts state court, alleging state law claims for, *inter alia,* breach of contract and negligent misrepresentation.

## III. STANDARD OF REVIEW

The unusual procedural posture here requires a somewhat nuanced statement of the standard of review. The Carlos appeal the denial of their Motion to Reconsider the court's denial of their Motion to Amend the Complaint.

With regard to motions to amend, we have stated that "[w]hile motions to amend are liberally granted, *see Johnston v. Holiday Inns, Inc.,* 595 F.2d 890, 896 (1st Cir.1979), a court has the discretion to deny them if it believes that, as a matter of law, amendment would be futile. *See Jackson v. Salon,* 614 F.2d 15, 17 (1st Cir.1980); *Crews v. Memorex Corp.,* 588 F.Supp. 27, 28 (D.Mass.1984); 6 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 1487 at 432–33 (1971) (citing cases). We will generally defer to a district court's decision to deny leave to amend where the reason is 'apparent or declared.'" *Demars v. General Dynamics Corp.,* 779 F.2d 95, 99 (1st Cir.1985) (quoting *Tiernan v. Blyth, Eastman, Dillon & Co.,* 719 F.2d 1, 4 (1st Cir.1983)).

Here, the Carlos' Motion to Reconsider argued that their state law claims were rendered viable by the Massachusetts Supreme Judicial Court's decision in *Pace v. Signal Technology Corp.*, 417 Mass. 154, 628 N.E.2d 20, 22 (1994). The district court denied the Motion, finding that controlling First Circuit precedent mandated preemption of the Carlos' claims. In other words, the district court concluded that the Carlos' proposed amendment was futile. This decision necessarily entailed an analysis of the underlying preemption issue, a question of law. Therefore, we review it here. That is, we will review whether ERISA preempts the Carlos' state law claims for negligent misrepresentation.

## IV. PREEMPTION

Section 514 of ERISA supersedes "any and all State laws insofar as they may now or hereafter *relate to* any employee benefit plan...." [1] 29 U.S.C. § 1144(a) (emphasis added). "The term 'State Law' includes all laws, decisions, rules, regulations, or other State action having the effect of law, of any State." 29 U.S.C. § 1144(c)(1). The Supreme Court has established that "a law 'relates to' an employee benefit plan ... if it has a connection with or reference to such a plan." *Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 139, 111 S.Ct. 478, 483, 112 L.Ed.2d 474 (1990) (quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983)). "Under this 'broad common-sense meaning,' a state law may 'relate to' a benefit plan, and thereby be pre-empted, even if the law is not specifically designed to affect such plans, or the effect is only indirect." *Id.* (quoting *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47, 107 S.Ct. 1549, 1553, 95 L.Ed.2d 39 (1987)).

In *Ingersoll–Rand*, the Supreme Court identified two tests for determining whether a state cause of action is preempted because it "relates to" an ERISA plan. First, a law is expressly preempted by ERISA where "the court's inquiry must be directed to the plan." *Ingersoll–Rand*, 498

U.S. at 140, 111 S.Ct. at 483. Second, even where there is no express preemption, a cause of action is preempted if it conflicts directly with ERISA. *Id.* at 142, 111 S.Ct. at 484.

Given these preemption principles, we must decide whether the Carlos' claims relate to the ERP and are therefore preempted. The Carlos' suit seeks damages for what can best be described as negligent misrepresentation. They argue that their claims for misrepresentation are so remotely related to the ERP that, for the purposes of ERISA preemption, they do not relate to it. They allege that they are not seeking coverage under the ERP, but rather damages sustained as a result of Reed's alleged misrepresentation concerning the extent of Mr. Carlos' retirement benefits under the ERP. They maintain, therefore, that the court's inquiry will not necessarily be directed to the ERP. They also emphasize that because they are suing Reed, and not the Plan Trustee, any damages will not effect the fiscal integrity of the ERP.

Courts have struggled over whether ERISA preempts claims of misrepresentation regarding the scope or existence of benefits, and "'there is ample, well reasoned authority which would support either position.'" *Pace*, 628 N.E.2d at 22 (quoting *Cutler v. Phillips Petroleum Co.*, 71 Wash.App. 511, 859 P.2d 1251, 1254 (1993)). Courts finding that misrepresentation claims are not preempted have reasoned that the mere fortuity that the misrepresentation involved pension benefits is insufficient to cause the "axe of federal preemption to fall." *Greenblatt v. Budd Co.*, 666 F.Supp. 735, 742 (E.D.Pa.1987); *see also Pace*, 628 N.E.2d at 22 (holding that where the "resolution of state law claims will neither 'determine whether any benefits are paid' nor 'directly affect the administration of benefits under the plan,' the claims do not 'relate to' ERISA and accordingly are not preempted") [2] (citation omitted). That is, they have concluded that the misrepresentation claims should not be preempted because, "simply put, the

---

1. The parties do not dispute that the ERP constitutes a qualified employee benefit plan for the purposes of ERISA preemption.

2. Of course, *Pace,* as a state court decision, is not controlling precedent on this issue.

premise underlying [the cause of] action [is] that the plaintiff was deceived by the verbal statements made and the actions taken by his employer. That the subject of the deception concerned pension benefits is only incidental and not essential to the plaintiff's cause of action. Like promises for a raise in salary, a promotion, or the use of tickets to a baseball game, plaintiff's employer's promise to provide the plaintiff with certain benefits ..., upon which plaintiff could reasonably rely, is the essence of the [misrepresentation] alleged." *Greenblatt,* 666 F.Supp. at 742.

The courts finding against preemption have been troubled by the fact that ERISA preemption in these benefit misrepresentation suits often leaves plaintiffs remediless. *See, e.g., Pace,* 628 N.E.2d at 24 ("That a statute whose clear purpose was to benefit employees has become widely used as a shield to protect employers from any deceptive and wrongful acts they may have committed against their employees is an irony we find unacceptable...."); *Greenblatt,* 666 F.Supp. at 742 (noting that because the plaintiff would likely be without a remedy under ERISA, "it would defy logic to presume that Congress intended to preempt the common law action of fraud in a situation of this type.").

■ Despite these cogent arguments against preemption in misrepresentation claims, we nevertheless find that ERISA preempts the Carlos' claims because they "relate to" an employee benefit plan. ERISA's "deliberately expansive" preemption language was "designed to 'establish pension plan regulation as exclusively a federal concern.'" *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. at 46, 107 S.Ct. at 1552 (quoting *Alessi v. Raybestos–Manhattan, Inc.,* 451 U.S. 504, 523, 101 S.Ct. 1895, 1906, 68 L.Ed.2d 402 (1981)). As Senator Harrison Williams stated:

It should be stressed that with the narrow exceptions specified in the bill, the substantive and enforcement provisions of the conference substitute are intended to preempt the field for Federal regulations, thus eliminating the threat of conflicting or inconsistent State and local regulation of employee benefit plans. This principle is intended to apply in its broadest sense to all actions of State or local governments, or any instrumentality thereof, which have the force or effect of law.

120 Cong.Rec. 29933 (1974).

■ With this sweeping principle in mind, we find that the Carlos' claims are preempted because they have "a connection with or reference to" Reed's ERP. If the Carlos were successful in their suit, the damages would consist in part of the extra pension benefits which Reed allegedly promised him.[3] To compute these damages would require the court to refer to the ERP as well as the misrepresentations allegedly made by Reed. Thus, part of the damages to which the Carlos claim entitlement ultimately depends on an analysis of the ERP. To disregard this as a measurement of their damages would force the court to speculate on the amount of damages. Consequently, because the "court's inquiry must be directed to the plan," the Carlos' claims are preempted under the first test set forth in *Ingersoll–Rand.* 498 U.S. at 140, 111 S.Ct. at 483.

Our ruling here is in accord with our previous decision in *Vartanian v. Monsanto Co.,* 14 F.3d 697, 700 (1st Cir.1994). In *Vartanian,* the plaintiff accepted an early retirement package based on the employer's assurances that it was not contemplating the creation of an enhanced severance program. In fact, when Vartanian made these specific inquiries about early retirement programs, Monsanto had already given serious consideration to

---

**3.** The Carlos argue that their claims do not relate to the ERP because they are seeking damages for a tort committed by Mr. Carlo's employer within the course of his employ. Their tort action, they maintain, is distinct from a contractual claim for the promised benefits, which they concede would be preempted. We find this distinction to be meaningless here. As the Fifth Circuit noted, "ERISA's preemption of state law claims 'depends on the conduct to which such law is ap-

plied, not on the form or label of the law.'" *Cefalu v. B.F. Goodrich Co.,* 871 F.2d 1290, 1294 (5th Cir.1989); *see also Pohl v. National Benefits Consultants, Inc.,* 956 F.2d 126, 128 (7th Cir. 1992) (The court noted that although the plaintiffs were not seeking to enlarge their coverage as such, any money they obtained from their suit would be functionally a benefit to which the terms of the plan did not entitle them. "This type of end run is regularly rebuffed.").

reducing its staff and was contemplating the formation of a special early retirement plan. Vartanian claimed that as a result of his reliance on Monsanto's misleading statements to the effect that the company did not intend to create a more generous retirement package, he missed the opportunity to retire under the more advantageous provisions of the new plan, which went into effect shortly after his retirement. We found that Vartanian's claims were preempted because "the existence of the 1991 Plan is inseparably connected to any determination of liability under state common law misrepresentation." *Id.* As we then noted, "[t]here simply is no cause of action if there is no plan." *Id.* Therefore, Vartanian's misrepresentation claim related to an ERISA plan because it was inseparably connected to it.[4]

Similarly, the Carlos' claims are inseparably connected to the ERP. The Carlos and Vartanian both sought damages for an employer's alleged misrepresentation concerning the scope or existence of early retirement benefits. The damages claimed in both instances were dependent, at least in part, on analysis of a qualified ERISA plan. Moreover, the misrepresentations themselves concerned, ultimately, the amount of benefits the plaintiffs would be entitled to upon retirement.[5]

In sum, we find that the ERISA's express language, jurisprudence, and legislative history all mandate a finding that ERISA preempts the Carlos' state law claims.

We have considered the other issues raised by the Carlos and find them meritless.

*Affirmed.*

---

**4.** A number of other circuits have also considered claims similar to those alleged by the Carlos and found them preempted. *See, e.g., Pohl,* 956 F.2d 126 (preempting a negligent misrepresentation claim based on the defendant's assurances that it would cover the plaintiff's medical expenses); *Cefalu,* 871 F.2d 1290 (preempting a misrepresentation claim based on the employer's assurance that the plaintiff's retirement benefits would be equivalent under two different employment options); *Anderson v. John Morrell & Co.,* 830 F.2d 872 (8th Cir.1987) (preempting plaintiff's contract claim based on his employer's promise that his fringe benefits as a member of management would be equivalent to those he would have received had he remained a member of a union); *Straub v. Western Union Telegraph Co.,* 851 F.2d 1262 (10th Cir.1988) (preempting plaintiff's misrepresentation claim based on assurances that his pension benefits would be increased if he accepted a transfer to a subsidiary company owned by his employer).

**5.** One notable difference distinguishes *Vartanian* from the Carlos' case. In *Vartanian,* the plaintiff allegedly had taken early retirement because of a misrepresentation about future retirement benefits. We found that, in these circumstances, the plaintiff had a cause of action under ERISA because the employer had breached a fiduciary duty to a plan participant. Although the issue was not raised on appeal, the difference here is that after Mr. Carlo's employer realized that he had made a mistake regarding Mr. Carlo's retirement benefits, he offered Mr. Carlo an opportunity to continue working so that his retirement benefits would not be adversely affected. Therefore, the Carlos were never deprived of a benefit to which they were entitled under ERISA.