In re Joseph F. MEALEY, Jr. and Barbara A. Mealey, Debtors.

Joseph F. MEALEY, Jr. and Barbara A. Mealey, Plaintiffs,

v.

W. VERCELLINI and S. Twersky, as Trustees of MMG Dollar Trust and Paul Nissenbaum, Defendants.

Bankruptcy No. 95–10224–MWV.
Adv. No. 95–1098–MWV.

United States Bankruptcy Court,
D. New Hampshire.

Aug. 31, 1995.

Raymond DiLucci, Raymond DiLucci, P.A., Concord, NH, for Plaintiff.

Charles Cleary, Wadleigh, Starr Offices, Manchester, NH, for Plaintiff MMG Dollar Trust.

Shirley Twersky, Wanda Vercellini, Boston, MA, Paul Nissenbaum, Somerville, MA, for Defendant.

Lawrence Sumski, Amherst, NH, Ch. 13 Trustee.

Gerri Karonis, Manchester, NH, for United States Trustee.

### MEMORANDUM OPINION

MARK W. VAUGHN, Bankruptcy Judge.

The Court has before it the motion to dismiss Debtors' amended complaint filed by the Defendant, MMG Dollar Trust ("MMG"), for failure to state a claim upon which relief can be granted. Specifically, as stated in MMG's memorandum of law, MMG argues that the complaint should be dismissed "because a mortgagee's claim cannot be invalidated by its refusal to foreclose on its collateral, [Count I] and a debtor may not avoid liens on the unsecured portion of a creditor's claim until the debtor performs his or her plan [Count II]." (Court Doc. No. 12 at 2.) For the reasons set out below, the Court grants MMG's motion to dismiss Count I. The adversary proceeding will proceed to determine the extent to which MMG's claim may be bifurcated under Count II, although the avoidance will not be effective until the Debtors' Chapter 13 plan is fully performed. *In re Gibbons*, 164 B.R. 207 (Bankr.D.N.H. 1993).

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the Dis-

trict of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

### FACTS

The essential facts are not in dispute and are well known to the Plaintiffs and Defendants herein. However, a brief summary of the pertinent facts follows.

On November 25, 1985, the Debtors, Joseph F. Mealey, Jr. and Barbara Ann Mealey ("Debtors"), and Peter J. Norton, Jr. ("Norton")[1] purchased a hotel known as the Grandview Lodge ("Lodge") in Twin Mountain, New Hampshire. In connection with that purchase, a purchase money mortgage in the amount of $300,000 was granted on the Lodge to Dr. Emile N. DuPont ("DuPont"). DuPont was also granted additional security in three other parcels of real estate already owned by the Debtors and Norton, including certain land and buildings located in Gilmanton, New Hampshire.

Subsequent to the purchase, the Debtors ran the Lodge, but were unable to make regular mortgage payments or pay the real estate taxes. In November 1987, the Debtors refinanced with MMG in the amount of $600,000. In connection with this refinancing, the Debtors granted a blanket mortgage to MMG, and the DuPont mortgages were assigned to MMG. Despite this refinancing, the Debtors were unable to make their monthly mortgage payments, and the real estate taxes for the years 1986, 1987 and 1989.

On July 6, 1989, the tax collector for the Town of Carroll, New Hampshire, which includes Twin Mountain, recorded a tax deed to the Town of Carroll, New Hampshire, for the 1986 taxes. Despite the fact that both the Debtors and MMG had notice of the delinquent taxes, neither party elected to pay the taxes and redeem the property. Subsequent to the issuance of the tax deed to the Town of Carroll, the Town of Carroll sold the property to a third party, who the Debtors allege has some relationship to MMG. Prior to the filing of the tax deed in July 1989, MMG had notified the Debtors that it intended to foreclose, but never proceeded to foreclose on the Lodge. For whatever reason, it appears that MMG took no action against the other properties until later 1994/early 1995 when it notified the Debtors of its intent to foreclose on the Gilmanton, New Hampshire, property.

On February 2, 1995, the Debtors filed a petition under Chapter 13 of the Bankruptcy Code. MMG filed a motion for relief from the automatic stay on May 31, 1995, which the Court granted after a hearing on June 27, 1995. Subsequently, the Debtors filed this adversary proceeding on June 13, 1995, and requested injunctive relief against MMG. After a hearing held on July 27, 1995, the Court denied the request for injunctive relief, but also vacated its order granting relief from the automatic stay to see if the Debtors could proceed to deal with MMG's claim in its plan of reorganization. On July 19, 1995, MMG filed its motion to dismiss. The Debtors objected to the motion to dismiss and both parties filed memoranda of law in support of their positions. This Court held a hearing on the motion to dismiss on August 22, 1995, at which time the matter was taken under advisement.

### APPLICABLE LAW

■ In order to grant a motion under Federal Rule of Civil Procedure 12(b)(6), the Court "must accept the allegations of the complaint as true, and if, under any theory, the allegations are sufficient to state a cause of action in accordance with the law, [it] must deny the motion to dismiss." *Vartanian v. Monsanto Co.*, 14 F.3d 697, 700 (1st Cir. 1994).

### DISCUSSION

■ The gravamen of the Debtors' complaint appears to be that MMG had a duty to foreclose prior to the tax deed or, in the alternative, pay the outstanding taxes and, thus, protect the mortgaged premises. The

---

1. Peter J. Norton, Jr. has also filed a Chapter 13 case (Bk. No. 95–10225–MWV), and an identical complaint (Adv. No. 95–1097–MWV) has been filed in that case. An identical opinion is being issued in that case of even date.

Debtors cite no authority for either of these propositions. Instead, the Debtors rely on a series of foreclosure cases which concern the duty of a mortgagee in the *conduct* of a foreclosure sale and conclude that a mortgagee has a fiduciary duty to act in a commercially reasonable manner. The Debtors then conclude that, if the mortgagee has a fiduciary duty to conduct a foreclosure sale in a commercially reasonable manner, it surely must have a fiduciary duty to not allow the mortgaged premises to be deeded to the town for delinquent taxes by foreclosing prior to the tax deed or by paying the taxes. The Debtors argue that, since MMG breached this alleged fiduciary duty, this Court should find that MMG's claim is void and discharge the additional security, including the Gilmanton mortgage. The Debtors cite no authority for this conclusion, and the Court rejects the Debtors' position for the following reasons:

1.  The Debtors could have protected their interests by paying the taxes in the first instance. They either elected not to do so or were unable to do so, causing the Lodge to be deeded to the Town for taxes.

2.  Upon default of the obligation, which secures the mortgage on the Lodge and the additional mortgage, MMG could have proceeded against the additional security first, electing only to foreclose on the Lodge as a last resort, if at all.

Finally, and as cited by MMG, New Hampshire RSA 524:10 [2] allows a person who holds a note secured by a mortgage to proceed against the note alone, without losing his security on the mortgage. Thus, under New Hampshire law, a mortgagee may proceed against the note alone, there being no obligation to foreclose.

In summary, the Court finds that MMG had no duty to either foreclose or pay the taxes. Having no duty there can be no breach. The Court further finds that under no theory are the allegations in Count I

sufficient to state a cause of action and, thus, the motion to dismiss Count I is granted for failure to state a claim upon which relief can be granted.

A separate order will issue.

---

**2.** New Hampshire RSA 524:10 provides that "[a]ny person who holds a note secured by a mortgage, or partially secured by a mortgage, shall have the right to bring suit upon the note without losing his security upon the mortgaged property, and a suit upon the note and a suit to

---

foreclose the mortgage may be maintained at the same time." N.H.Rev.Stat.Ann. § 524:10 (1974).