Nancy STANFORD, Plaintiff,

v.

AT & T CORP., et al., Defendants.

Civil Action No. 94–11929–MEL.

United States District Court,
D. Massachusetts.

May 30, 1996.

Ann T. McNulty, Boston, MA, for Plaintiff.

Gregory C. Keating, Lynn T. Collins, Choate, Hall & Stewart, Thomas E. Shirley, Choate, Hall & Stewart, Boston, MA, for Defendants.

LASKER, District Judge.

Nancy Stanford, an employee of AT & T and a participant in its Sickness and Accident Disability Benefit Plan and its Long–Term Disability Benefit Plan (the Plan), sues AT & T for breach of contract, breach of implied covenant of good faith and fair dealing, breach of fiduciary duty, and misrepresentation under state and federal common law in tort.

AT & T removed the action to this court on the grounds that Stanford's state law claims were preempted by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001–1461. AT & T now moves to dismiss count one of Stanford's complaint, arguing that the state law misrepresentation claim is preempted by § 514(a) of ERISA, and to strike Stanford's demand for a jury trial. Stanford has since amended her complaint to include claims for disability benefits and damages under ERISA.

## I.

Stanford was employed by AT & T from 1977 to 1988 as a chemical and planning engineer in North Andover, Massachusetts. She alleges that in March of 1988, she requested a leave of absence from her immediate supervisor Joseph Bellefeuille "due to serious long-standing health problems." According to Stanford, Bellefeuille thereafter fraudulently or negligently misrepresented to Stanford that leaves were not being allowed at that time and did so "for the purpose of inducing Ms. Stanford to act thereon."

Stanford further claims that on June 1, 1988, she informed Bellefeuille that she would resign from her position as of June 16 because she had been denied a leave and because her illness and health problems prevented her from performing her job. Stanford maintains that she met the requirements of the Sickness and Accident Disability Benefit Plan; that on August 30, 1993, she requested "total disability" benefits for the period from June 16, 1988 to the present; that on September 15, 1993, she was denied benefits by AT & T Employees Benefit Committee; and that her request for reconsideration was denied on February 3, 1994.

Stanford asserts that her reliance on the misrepresentation by Bellefeuille resulted in a loss of benefits which she was entitled to under the AT & T Sickness and Accident Disability Benefit Plan.

## II.

*Preemption*

AT & T argues that ERISA's broad preemption provision, which specifies that ERISA supersedes "any and all State laws insofar as they now or hereafter relate to any employee benefit plan," mandates preemption in the present case. *Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 140–142, 111 S.Ct. 478, 483–484, 112 L.Ed.2d 474 (1990). AT & T asserts that Stanford's misrepresentation claim is preempted because the court must examine the existence of the ERISA plan to resolve her claim. *Vartanian v. Monsanto Co.*, 14 F.3d 697, 700 (1st Cir.1994) (misrepresentation claim preempted because to prevail, plaintiff "would have to plead, and the Court would have to find, that the 1991 Plan exists"); *Carlo v. Reed Rolled Thread Die Co.*, 49 F.3d 790, 793–94 (1st Cir.1995) (misrepresentation claim preempted because court would have to consult plan to compute damages).

Stanford contends that because she neither argues that she was wrongfully denied benefits under the Plan nor seeks benefits under the Plan, but instead seeks damages that she suffered in reliance on her employer's misrepresentation, her claim is not preempted by ERISA. Stanford asserts that "the relief sought ... is a legal remedy for money damages and the Plan would merely be used to measure the benefits lost to Stanford as a result of the defendant['s] ... fraudulent and/or negligent misrepresentations." Stanford stresses that because there are no special features in ERISA which protect her from her employer's misrepresentations regarding the Plan, the present case can be distinguished from *Ingersoll–Rand Co. v. McClendon*, in which the employee's claim directly conflicted with ERISA. *Id.* at 134, 111 S.Ct. at 480. Stanford differentiates her case from *Vartanian v. Monsanto Co.* on the grounds that, according to her, she need not prove the existence of an ERISA plan to establish her claim of fraudulent or negligent misrepresentation.

## III.

Section 514(a) of ERISA explicitly preempts "any and all State laws insofar as they now or hereafter relate to any employee benefit plan." A cause of action is expressly preempted where a plaintiff, in order to pre-

vail, must plead, and the court must find, that an ERISA plan exists. *Ingersoll–Rand Co. v. McClendon,* 498 U.S. at 140, 111 S.Ct. at 483–84. AT & T argues that Stanford's misrepresentation claim "relates to" the ERISA plan because the court's inquiry must be "directed to" the plan.

In *Vartanian v. Monsanto Co.,* 14 F.3d 697 (1st Cir.1994), the plaintiff claimed that his decision to retire was induced by the defendant's misrepresentation concerning its intention to offer an enhanced retirement plan. The First Circuit held that the existence of the enhanced plan was inseparably connected to any determination of liability under the common law of misrepresentation because "in order to prevail under a state common law claim for misrepresentation, Vartanian would undoubtedly have to plead, and the Court would have to find, that the 1991 Plan exists." *Id.* at 700.

■ Stanford contends that her claim is distinguishable because unlike the *Vartanian* plaintiff, whose claim was dependent upon the existence of an enhanced plan and whether he was prevented from becoming a participant in that plan, her misrepresentation claim is predicated on her not being covered by the plan due to her employer's misrepresentations. Ingenious and inviting as the argument may be, it remains the fact that to determine whether the representations made to Stanford about the Plan were fraudulent, its provisions must be interpreted. *See Toomey v. Jones,* 855 F.Supp. 19, 27 (D.Mass. 1994) (where plaintiff alleged that employer misrepresented actual conditions of Plan assets and value of preferred stock, breach of contract and misrepresentation claims preempted by ERISA because "court would have to recognize the existence of the Plan at issue and interpret its provisions to resolve the contract and misrepresentation claims").

Moreover, because Stanford seeks damages in the amount of the benefits she allegedly lost as a result of AT & T's misrepresentation, the court's inquiry must necessarily be directed to the Plan at issue in order to calculate damages. In *Carlo v. Reed Rolled Thread Die Co.,* 49 F.3d 790, 793–94 (1st Cir.1995), the court held that the misrepresentation claim was preempted because the court would be required to consult the plan to compute damages. Carlos, an employee of Reed, had consulted with Reed's personnel manager, who incorrectly informed Carlos that his pension benefits would be 20 percent higher than they actually were. In reliance on the figures provided him, Carlos accepted early retirement. The First Circuit concluded that the Carlos' claims have "a connection with or reference to" Reed's early retirement program. *Id.* at 794.

■ It is true that "an employee may rely on state law to redress the breach of an employment contract, notwithstanding the presence of an ERISA plan, if the factual basis of the suit is independent of the rights and duties created by the plan." *Wilcott v. Matlack, Inc.,* 64 F.3d 1458, 1462 (10th Cir. 1995). However, where the alleged fraud relates directly to the plaintiff's rights under the plan, "the tie between these allegations and the ERISA plan is plain and substantial." *Id.* at 1464. As in *Wilcott,* to establish AT & T's liability in the present case, Stanford must show the reasonableness of her reliance on the alleged misrepresentations regarding disability-leave rights. Because doing so "would require resort to the terms of the ERISA plan," Stanford's misrepresentation claim is preempted by ERISA.

The present case is distinguishable from *Farr v. US West, Inc.,* 58 F.3d 1361, 1366 (9th Cir.1995), in which the court noted that a plaintiff's claim is generally not preempted if the employer had "any duty to her outside the proper administration of the benefit plan," such as an independent employer-employee relationship on which the state law claims might rest. The *Farr* plaintiffs alleged that US West misrepresented the tax consequences of lump sum distributions in order to induce them to take early retirement. The Ninth Circuit held that because the plaintiffs did not claim fraud in the promised benefits, the scope of the plan, or the distribution of plan assets, their claims were not preempted by ERISA. *Id.* at 1365. Unlike the *Farr* plaintiffs, however, Stanford does claim that AT & T fraudulently or negligently misrepresented her entitlement to disability benefits under the Plan.

Stanford's contention that ERISA does not provide a remedy which compensates the victims of such misrepresentation because Congress did not intend to preempt claims for common law of misrepresentation is unpersuasive. *See Simas v. Quaker Fabric Corp.*, 6 F.3d 849, 856 (1st Cir.1993) ("it may seem ironic that a federal statute enacted in large part to protect workers [ERISA] should invalidate a state measure" with the same objective, but it is necessary for uniformity). Moreover, because § 1132(a)(1)(B) of ERISA empowers "a participant or beneficiary" to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his right to future benefits under the terms of the plan," Stanford is not left without recourse. Stanford has amended to her complaint to include an ERISA claim, and should she prevail, she will be compensated for the injury she suffered as a result of the alleged misrepresentation.

## IV.

*Demand for Jury Trial*

There remains the issue whether Stanford is entitled to a jury trial on her ERISA claim. While the First Circuit has yet to rule on this question, the majority of courts in this district have held that no right to a jury trial exists in ERISA actions.

■ The focus is on the nature of the action and of the remedy sought. In this district, courts construe an ERISA claim as based on the law of trusts, because "a denial of benefits claim ... often involves ... determining the issue of whether a plan administrator abused his discretion in denying coverage, which ... arises out of equity" and for which no jury trial is available. *Fuller v. Connecticut General Life Ins. Co.*, 733 F.Supp. 462, 463 (D.Mass.1990) (no entitlement to jury trial under § 1132(a)(1)(B)). *See also Charlton Memorial Hospital v. Foxboro Co.*, 818 F.Supp. 456, 459 (D.Mass.1993) (same); *Jorstad v. Connecticut General Life Ins. Co.*, 844 F.Supp. 46, 48 (D.Mass.1994) (same); *Vartanian v. Monsanto Co.*, 880 F.Supp. 63, 72 (D.Mass.1995) (ERISA offers only equitable remedies); *Armstrong v. Jef-*

*ferson Smurfit Corp.*, 30 F.3d 11, 13 (1st Cir.1994) (compensatory legal damages do not fall within "appropriate equitable relief" authorized by § 1132(a)(3) of ERISA).

All of the federal appellate courts which have considered the matter have held that there is no right to a jury trial on ERISA claims. *See, e.g., Katsaros v. Cody*, 744 F.2d 270, 278 (2d Cir.) (no right to jury trial of ERISA actions seeking restitution), *cert. denied*, 469 U.S. 1072, 105 S.Ct. 565, 83 L.Ed.2d 506 (1984); *Cox v. Keystone Carbon Co.*, 894 F.2d 647, 649–50 (3rd Cir.) (plaintiff not entitled to jury trial on claim for benefits, and claim for compensatory damages for tortious interference does not fall within § 1132(a)(1)(B) of ERISA), *cert. denied*, 498 U.S. 811, 111 S.Ct. 47, 112 L.Ed.2d 23 (1990); *Berry v. Ciba–Geigy Corp.*, 761 F.2d 1003, 1007 (4th Cir.1985) (proceedings to determine rights under employee benefit plans are equitable in character); *Borst v. Chevron Corp.*, 36 F.3d 1308, 1323–23 (5th Cir.1994) (request for monetary recovery constituted action for restitution, and thus, action is not legal in nature), *reh'g en banc denied*, 42 F.3d 639, *cert. denied*, —— U.S. ——, 115 S.Ct. 1699, 131 L.Ed.2d 561 (1995); *Bair v. General Motors Corp.*, 895 F.2d 1094, 1096–97 (6th Cir.1990) (action seeking reinstatement and payments due is equitable); *Houghton v. SIPCO, Inc.*, 38 F.3d 953, 957 (8th Cir.1994) (district court committed reversible error by submitting plaintiff's ERISA claims to non-advisory jury and failing to enter own precautionary findings of fact and conclusions of law); *Spinelli v. Gaughan*, 12 F.3d 853, 858 (9th Cir.1993) (compensatory damages unavailable under § 1132(a)(3) of ERISA); *Blake v. Unionmutual Stock Life Ins. Co. of America*, 906 F.2d 1525, 1526 (11th Cir.1990) (plaintiffs not entitled to jury trial where claim is for benefits due).

■ Because the relief Stanford seeks is equitable in nature, she is not entitled to a jury trial.

It is so ordered.