**William DEETJAN, Plaintiff**

v.

**V.I.P., INC., et al., Defendants**

**No. 03–119–P–H.**

United States District Court,
D. Maine.

Oct. 31, 2003.

Guy D. Loranger, Nichols & Webb, P.A., Saco, ME, for William Deetjan, Plaintiff.

Matthew P. Mastrogiacomo, Isaacson and Raymond, P.A., Elliott L. Epstein, Isaacson, Raymond & Bonneau, P.A., Lewiston, ME, for V I P Incorporated, Defendant.

### *MEMORANDUM DECISION ON MOTION FOR LEAVE TO AMEND COMPLAINT*

DAVID M. COHEN, United States Magistrate Judge.

The plaintiff moves for leave to file a second amended complaint; specifically, he seeks to add a claim for punitive damages in this action brought under the Employee Polygraph Protection Act ("EPPA"), 29 U.S.C. § 2001 *et seq.* I grant the motion.

Leave to amend "shall be freely given when justice so requires," Fed.R.Civ.P. 15(a), and there is no question in this case that the plaintiff's request is timely. Defendant V.I.P., Inc. opposes the motion,

asserting that the proposed amendment "is legally insufficient on its face." Memorandum in Support of Defendant V.I.P. Inc.'s Objection to Plaintiff's Motion to File a Second Amended Complaint ("Opposition") (Docket No. 32) at 1. A court may deny a motion to amend a pleading when "it believes that, as a matter of law, amendment would be futile." *Carlo v. Reed Rolled Thread Die Co.*, 49 F.3d 790, 792 (1st Cir.1995).

The parties vigorously dispute the question whether punitive damages are available in a private action under the EPPA. This is an issue which does not appear to have been resolved by any federal court in a reported decision. The court in *Mennen v. Easter Stores*, 951 F.Supp. 838 (N.D.Iowa 1997), cited by the plaintiff, suggests that punitive damages may be available pursuant to the Civil Rights Act of 1991, specifically 42 U.S.C. § 1981a(b)(1), for EPPA claims, but concludes that "[e]ven assuming that an award of punitive damages is available under the EPPA, because the record is absent any evidence indicating a willful or reckless disregard for [the plaintiff's] rights, the court finds that an award of punitive damages is not warranted," 951 F.Supp. at 866. In this case, the proposed second amended complaint does not mention section 1981a. It is clear by the terms of that statute that it applies only to actions brought under 29 U.S.C. §§ 791 & 794 and 42 U.S.C. §§ 2000e–2, 2000e–3, 2000e–5, 2000e–16, 12112 & 12117(a). 42 U.S.C. § 1981a(a)(1)-(3). Since the proposed amended complaint does not mention any of these statutes, *Mennen* provides little guidance.

The plaintiff contends that the language of the EPPA is sufficient to make punitive damages available. The pertinent portion of the statute provides:

An employer who violates this chapter shall be liable to the employee or prospective employee affected by such violation. Such employer shall be liable for such legal or equitable relief as may be appropriate, including, but not limited to, employment, reinstatement, promotion, and the payment of lost wages and benefits.

29 U.S.C. § 2005(c)(1). V.I.P. argues that, because the EPPA makes penalties available in actions brought by the Secretary of Labor, 29 U.S.C. § 2005(a), it makes punitive damages unavailable in actions brought by private litigants, under the canon of construction known as *expressio unius exclusio alterius*, Opposition at 4. However, the penalty at issue in subsection (a) of section 2005 is expressly characterized as a civil penalty. The existence of a statutory civil penalty, recoverable only by the government, is not necessarily inconsistent with the availability of punitive damages to a private litigant. *See, e.g., United States v. Southern Mgt. Corp.*, 955 F.2d 914, 916 (4th Cir.1992) (appeal from award of compensatory and punitive damages, civil penalties and injunctive relief); *United States v. Rent Am. Corp.*, 734 F.Supp. 474, 475, 481–82 (S.D.Fla.1990) (both civil penalty and punitive damages for individual plaintiffs available under federal Fair Housing Act; term "monetary damages" includes punitive damages).

The First Circuit has not addressed the precise issue presented by the pending motion—nor, for all that appears in the reports of decisions of the federal courts, has any other court—but one of its decisions, and one decision from the Supreme Court, do provide relevant guidance. In *Franklin v. Gwinnett County Pub. Schs.*, 503 U.S. 60, 112 S.Ct. 1028, 117 L.Ed.2d 208 (1992), the Supreme Court said that "[t]he general rule ... is that absent clear direction to the contrary by Congress, the federal courts have the power to award

any appropriate relief in a cognizable cause of action brought pursuant to a federal statute," *id.* at 70–71, 112 S.Ct. 1028. It cannot reasonably be said that the language of 29 U.S.C. § 2005(c) provides "clear direction" that punitive damages are not available in private actions under the EPPA.

In *Reich v. Cambridgeport Air Sys., Inc.,* 26 F.3d 1187, 1190–91 (1st Cir.1994), the First Circuit applied the language from *Gwinnett* quoted above in the course of construing the term "all appropriate relief" in a federal statute to include monetary damages. It noted that further language in the statute at issue including certain specific remedies "neither suggests nor is a 'clear direction' that other remedies are precluded." *Id.* at 1191. It also noted in *dicta* that, after *Gwinnett,* "it is difficult to exclude even *exemplary* damages where otherwise justified in particular circumstances." *Id.* (emphasis in original). In each of the three cases cited by the defendants in support of their contention that punitive damages "have not usually been allowed" in cases in which private plaintiffs sought to recover under federal statutes that do not expressly provide for them, other provisions of the statutes at issue, or methods of analysis no longer appropriate after *Gwinnett,* made punitive damages inappropriate. In particular, the analysis in *Barnes v. Gorman,* 536 U.S. 181, 122 S.Ct. 2097, 153 L.Ed.2d 230 (2002), the only Supreme Court case cited in this regard by the defendants,[1] was based on the fact that the statute

being construed had been enacted under the Spending Clause of the United States Constitution, requiring it to be construed in a manner analogous to contract law, *id.* at 185–86. There is and can be no contention that the EPPA was enacted under the Spending Clause.

The First Circuit's analysis in *Reich* persuades me that the proposed amendment at issue would not be futile as a matter of law. Accordingly, the motion for leave to file a second amended complaint is **GRANTED.**

---

1. The other two cited cases, both from the Second Circuit, predate *Gwinnett* by 25 years. In *Globus v. Law Research Serv., Inc.,* 418 F.2d 1276 (2d Cir.1969), the court held that punitive damages were not available for private actions alleging violations of section 17(a) of the Securities Act of 1933 because such damages were not necessary for the effective enforcement of the Act, *id.* at 1283–85. In *Green v. Wolf Corp.,* 406 F.2d 291 (2d Cir.1968), the court held that statutory language making available "actual damages" for private suits under section 10(b) of the Securities Act of 1934 did not include punitive damages, *id.* at 302. Section 2005(c) uses the term "legal damages," not "actual damages." The difference would be significant even if the decision in *Gwinnett* had not been issued in the interim.