Gartman v. Coutu                          CV-95-305-M    12/21/95
                    UNITED STATES DISTRICT COURT FOR THE
                          DISTRICT OF NEW HAMPSHIRE


Paul B. Gartman,
        Plaintiff,

        v.                                        Civil No. 95-305-M

Arthur Coutu d/b/a Hazen Printing Company;
and John Alden Life Insurance Company,
        Defendants.


                              O R D E R


        Plaintiff originally brought this action in the New

Hampshire Superior Court for negligence and breach of contract.

Defendants removed the case to this court, asserting that

plaintiff's claims relate to an employee welfare benefit plan and

are, therefore, preempted by the Employee Retirement Income

Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq.


        On September 5, 1995, defendant Arthur Coutu, d/b/a Hazen

Printing Co. ("Coutu"), filed a suggestion of bankruptcy,

notifying the court that he had filed for protection under

Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 101, et seq.

Accordingly, plaintiff's case against defendant Coutu was

automatically stayed.

The court granted plaintiff leave to file an amended complaint, reasserting his existing state law claims (because plaintiff did not concede preemption) and adding a count alleging a claim under ERISA. On December 11, 1995, plaintiff filed his amended complaint which, although not a model of clarity, appears to allege the following causes of action:

Count 1: Negligent misrepresentation against Coutu, as his employer, for having misinformed plaintiff regarding the date on which he would be covered under Coutu's health and accident insurance plan;

Count 2: Negligent failure to process insurance application in a timely fashion against Alden Life Insurance Company ("Alden Life"); and

Count 3: Equitable estoppel against Alden Life for having represented that it would reimburse him for a portion of medical expenses he incurred, but subsequently refusing to do so.

The amended complaint fails to make clear which (if any) of these counts is brought under the provisions of ERISA and which (if any) are state law claims over which the plaintiff wishes the court to exercise its supplemental jurisdiction. The sole reference to ERISA in the entire complaint occurs in the introductory paragraph, which provides:

This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 et

2

seq., and more particularly, §1132(a)(1)(B) thereof. This Court has jurisdiction of the matter under 29 U.S.C. §1132(e).

Amended complaint, para 1. Alden Life moves to dismiss plaintiff's state-law claims, arguing that they are preempted by ERISA.

## Standard of Review

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) is one of limited inquiry, focusing not on "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In considering a motion to dismiss, "the material facts alleged in the complaint are to be construed in the light most favorable to the plaintiff and taken as admitted, with dismissal to be ordered only if the plaintiff is not entitled to relief under any set of facts he could prove." Chasan v. Village District of Eastman, 572 F.Supp. 578, 579 (D.N.H. 1983), aff'd without opinion, 745 F.2d 43 (1st Cir. 1984) (citations omitted).

Except as provided in 29 U.S.C. §1144(b), the so-called "savings clause," ERISA expressly preempts "any and all State

3

laws insofar as they may now or hereafter relate to any employee benefit plan . . . ."  29 U.S.C. §1144(a).  Thus, to the extent plaintiff asserts state common law claims which "relate to" an "employee benefit plan," they are preempted by ERISA.  The parties do not dispute that the health and accident insurance provided by Coutu to Hazen Printing's employees is an employee welfare benefit plan (the "Plan") as defined by ERISA.  See 29 U.S.C. §1002(1).  The questions with which the court must wrestle are: (i) whether plaintiff's claims are brought under ERISA, or under state common law; and (ii) if they are based on state law, whether they "relate to" the plan so as to be preempted by ERISA.


## Background

Viewing the complaint in the light most favorable to plaintiff, the material facts appear as follows.  Plaintiff began working for Coutu on August 22, 1994.  From his first day on the job, plaintiff was informed by agents of Coutu that, after 90 days of employment, he would automatically be enrolled as a participant in the Plan.  Benefits provided to Plan participants were funded through an insurance policy underwritten by Alden Life.

4

On an undisclosed date (presumably during his first 90 days of employment), plaintiff completed an application for participation in the Plan (most likely, an application for insurance from Alden Life) and presented it to an employee of Coutu for processing and, ultimately, submission to Alden Life for its consideration. Plaintiff claims that Coutu negligently delayed forwarding his application to Alden Life, and Alden Life negligently failed to process his application in a timely fashion once it was received. Because of that delay, benefits that might have been available to plaintiff on the 90th day of his employment, when he expected to become a participant in the Plan, were not funded by an Alden Life insurance policy. Based upon discussions at the preliminary pretrial conference, the court understands that a policy covering plaintiff was not issued until sometime in January, 1995.[1]

---

[1] Plaintiff's complaint is not very informative. It is, for example, entirely unclear whether he asserts that it is possible, under the Plan documents, for him to be a member of the Plan despite the lack of any insurance to fund the Plan's obligations to him. Viewing plaintiff's allegations in a decidedly favorable light, the court will assume (for the purposes of this ruling only) that plaintiff automatically became a member of the Plan on day 90 of his employment (i.e., November 20, 1994) despite the apparent lack of any insurance to fund the Plan's obligations to him until sometime in January, 1995.

5

As luck would have it, plaintiff was seriously injured in a skiing accident at Gunstock Ski Area in Gilford, New Hampshire, on December 31, 1994. He presented his medical bills to Alden Life for payment and asserts that although Alden Life initially represented that it would pay the bulk of those expenses, it has since refused to make any payments. He claims that Alden Life's conduct constitutes a breach of its contractual obligations to him. It is, however, unclear from plaintiff's amended complaint what the source of Alden's asserted "contractual obligations" might be (e.g., obligations under an insurance policy, or based upon oral representations, or based on concepts of estoppel, etc.).[2]

_____

[2] Parenthetically, the court notes that, despite discussions during the pretrial conference, plaintiff has still not named the Plan itself as a defendant. Nor has plaintiff alleged that either Coutu or Alden Life had or violated any fiduciary duty(ies) relative to him. See 29 U.S.C. §1109(a) (liability for breach of fiduciary duty); 29 U.S.C. §1132(a) (plan participants, beneficiaries, or fiduciaries may bring civil actions for breach of obligations imposed under section 1109). In fact, plaintiff has failed even to allege that either defendant was a "fiduciary," as that term is defined by ERISA. 29 U.S.C. §1002(21)(A).

**Discussion**

I.  <u>Negligence/Misrepresentation - Defendant Coutu</u>.

Count 1 of plaintiff's amended complaint appears to allege that he has suffered harm as a result of Coutu's negligence and/or his detrimental reliance upon Coutu's negligent misrepresentations.  Plaintiff alleges:

> That as of November 20, 1994, ninety (90) days after his employment with Defendant [Coutu] had begun, the Plaintiff was supposed to have been enrolled in the aforesaid plan of insurance, for which the Defendant [Coutu] was the trustee, and the Defendant John Alden was the administrator.
>
> That contrary to the aforesaid representations made by the Defendant [Coutu], and in breach of same, his, agents, servants, and/or employees failed to prepare and submit the Plaintiff's aforesaid application for health and accident insurance coverage to the Defendant John Alden in a timely manner so as to afford the Plaintiff the health and accident insurance coverage he was entitled to receive after ninety (90) days of employment.

Amended complaint, paras. 10 and 11.

Plaintiff makes no effort to tie these allegations to a cognizable claim under ERISA.[3]  Nevertheless, because this action

---

[3] The court notes (without deciding the issue) that it is unclear whether plaintiff has standing to sue under ERISA for alleged wrongful conduct which occurred <u>prior</u> to his becoming a participant in the plan.  <u>See generally</u> <u>Vartanian v. Monsanto</u>

7

is stayed with regard to Coutu due to his bankruptcy, it would be inappropriate for the court to dismiss plaintiff's state law claims against him at this juncture.

II. <u>Negligence - Defendant Alden Life</u>.

Count 2 of plaintiff's amended complaint appears to allege a claim sounding in negligence against Alden Life.  Specifically, plaintiff asserts that:

> Defendant John Alden failed to act in a timely manner upon the application for health and accident insurance coverage that was submitted to it, and failed to enroll the Plaintiff in the said plan of health and accident insurance in a timely manner.

Amended complaint, para. 12.

In essence, plaintiff seems to assert that "but for" Alden Life's negligence, he would have been a participant in the Plan (or, more to the point, covered by the insurance policy which funds the Plan) on November 20, 1994, and thus entitled to insurance reimbursement for the medical expenses he incurred as a result of his December 31 skiing accident.  In <u>Vartanian v.</u>

_____

<u>Co.</u>, 14 F.3d 697, 700-703 (1st Cir. 1994) (discussing the concepts of "plan participant," "standing" to sue under ERISA, and "zones of interests" protected by ERISA).

8

Monsanto Co., 14 F.3d 697 (1st Cir. 1994), the court of appeals for this circuit held that a state law cause of action "relates to" an employee benefit plan, and is therefore preempted by ERISA, if in order to prevail, the plaintiff must plead, and the court must find, that an ERISA plan exists. Id., at 700. The court concluded:

> In the present case, the existence of the 1991 Plan [in which plaintiff claims he would have participated, but for the alleged misrepresentations of Monsanto] is inseparably connected to any determination of liability under state common law of misrepresentation. There is simply no cause of action if there is no plan. The alleged misrepresentations by Monsanto relate to the existence of the 1991 Plan and in order to prevail under a state common law claim for misrepresentation, [plaintiff] would undoubtedly have to plead, and the Court would have to find, that the 1991 Plan exists. Thus, . . . [plaintiff's] claims "relate to" an ERISA plan and are expressly preempted by ERISA.

Id., at 700.

As in Vartanian, plaintiff's state common law claim is preempted because it plainly "relates to" the Plan. The relief which plaintiff appears to seek is participation in the Plan effective as of November 20, 1994. At a minimum, he clearly seeks payment for expenses which would have been covered by the

9

Plan (and the insurance policy) if he had been a participant as of December 31, 1994.

Because the monetary relief he desires must be measured by reference to the plan, plaintiff's state law negligence claim against Alden Life necessarily "relates to" an ERISA-governed plan and is preempted. The Court of Appeals for the First Circuit recently addressed precisely this issue and concluded:

> If the Carlos were successful in their suit, the damages would consist in part of the extra [benefits] which [his employer] allegedly promised him. To compute those damages would require the court to refer to the [plan] as well as the misrepresentations allegedly made by [the employer]. Thus, part of the damages to which the Carlos claim entitlement ultimately depends on an analysis of the [plan]. To disregard this as a measurement of their damages would force the court to speculate on the amount of damages. Consequently, because the "court's inquiry must be directed to the plan," the Carlos' claims are preempted under the first test set forth in Ingersoll-Rand, 498 U.S. at 140.

Carlo v. Reed Rolled Thread Die Co. 49 F.3d 790, 794 (1st Cir. 1995) (emphasis added) (footnote omitted). Because count 2 of the amended complaint is preempted by ERISA, it must be dismissed.

10

III. <u>Equitable Estoppel - Defendant Alden Life</u>.

To the extent that this claim is based upon New Hampshire common law, it is, for the reasons set forth above, preempted by ERISA and must be dismissed. The court notes that several courts have held that, in appropriate circumstances, ERISA permits a plaintiff to proceed on a theory of equitable estoppel. <u>See, e.g.</u>, <u>Reid v. Gruntal & Co.</u>, 763 F.Supp. 672, 677-79 (D.Me. 1991) (citing cases). However, the extent to which plaintiff's amended complaint states a viable cause of action under ERISA is not before the court and need not be resolved at this juncture.

**Conclusion**

For the reasons set forth above, plaintiff's state law causes of action against Alden Life are expressly preempted by ERISA.

Although not stated with clarity, the essence of plaintiff's ERISA claim(s) appears to be that: (i) he automatically became a member of the Plan on November 20, 1994; (ii) he was misled into believing that he would be entitled to benefits under the Plan after that date; and (iii) he has wrongfully been denied those benefits (i.e., reimbursement of covered medical expenses

11

stemming from his December 31 skiing accident.).  This reading of the amended complaint is consistent with its reference to 29 U.S.C. §1132, which provides that:

> A civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

29 U.S.C. §1132(a)(1)(B).  And, as noted above, it is also possible that plaintiff is attempting to bring a claim under ERISA against one (or both) of the defendants on a theory of promissory estoppel.  Nevertheless, for the purposes of addressing defendant's pending motion, the court need not determine whether the amended complaint adequately states a cause of action under ERISA.[4]

---

[4] As a practical matter, plaintiff's most viable claim may be against the plan itself (as yet, an unnamed defendant) and Coutu, as its trustee and an ERISA fiduciary, for wrongfully withholding benefits to which he is entitled (assuming, of course, that he was entitled automatically to become a plan participant on November 20, 1994).  However, because Coutu has filed for bankruptcy and because the plan may be unfunded and unfundable with regard to its obligation (if any) to reimburse plaintiff for his medical expenses, those claims may be of little practical value.

12

Defendant John Alden Life Insurance Company's motion to dismiss plaintiff's state common law claims against it (document no. 5) is granted. At this early juncture, the court will presume (without deciding) that plaintiff has stated a valid cause of action under ERISA and the case will, with regard to Alden Life, proceed accordingly. The case will, of course, remain stayed with regard to defendant Coutu.

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

December 21, 1995

cc:  Richard J. Walsh, Esq.
     Arthur Coutu
     Charles P. Bauer, Esq.

13