Seacoast MH Ctr. v. Sheakely Pension  CV-99-043-JD  01/05/01

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Seacoast Mental
Health Center, et al.

    v.                           Civil No. 99-43-JD
                                       Opinion No. 2001 DNH 007
Sheakley Pension
Administration, Inc.


O R D E R


    The plaintiffs, Seacoast Mental Health Center and two of its employees, Jeffrey Connor and Tami Spear, bring suit against Sheakley Pension Administration, Inc., which provided various services related to Seacoast's "Tax Deferred Annuity Savings Plan" ("Plan").  The individual plaintiffs also seek to certify a class of participants and beneficiaries of the Plan.  The plaintiffs allege claims under the Employee Retirement Income Security Act ("ERISA"), and state law claims of breach of contract and violation of the New Hampshire Consumer Protection Act.  Sheakley moves for summary judgment on one ERISA claim and the state law breach of contract and Consumer Protection Act claims.

## Standard of Review

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The record evidence is taken in the light most favorable to the nonmoving party. See Zambrana-Marrero v. Suarez-Cruz, 172 F.3d 122, 125 (1st Cir. 1999). "[A]n issue is 'genuine' if the evidence presented is such that a reasonable jury could resolve the issue in favor of the nonmoving party and a 'material' fact is one that might affect the outcome of the suit under governing law." Fajardo Shopping Ctr. v. Sun Alliance Ins. Co., 167 F.3d 1, 7 (1st Cir. 1999). Summary judgment will not be granted as long as a reasonable jury could return a verdict in favor of the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## Background

Seacoast Mental Health Center, Inc. is a not-for-profit corporation located in Portsmouth, New Hampshire. Jeffrey Connor is Seacoast's Executive Director, and Tami Spear is the Coordinator of Human Resources and Administration. Seacoast

2

Mental Health Center, Inc. Tax Deferred Annuity Savings Plan is a "403b" qualified plan available to eligible Seacoast employees. Connor and Spears are both participants in the Plan.

In June or July of 1995, Seacoast hired the Roberts-Haddad Group of Manchester, New Hampshire, to perform certain administrative services related to the Plan. The Roberts-Haddad Group also assisted in amending Plan documents. The agreement between Seacoast and the Roberts-Haddad Group apparently was never reduced to a signed writing.

A revised Summary Plan Description was issued in September of 1995. Seacoast is designated the Plan Administrator in the Summary Plan Description. The September 1995 Description also provides information about participants' rights under ERISA, including the right to Plan documents and to a summary annual report to be provided by the Plan Administrator. The Roberts-Haddad Group prepared quarterly reports about the value of the Plan's assets as they pertained to each individual participant. At the end of the year, the Roberts-Haddad Group prepared "employee benefits statements."

In April of 1996, Sheakley purchased the assets of the Roberts-Haddad Group and began to prepare the quarterly reports for Seacoast. Seacoast was dissatisfied with Sheakley's performance of certain administrative services including

Sheakley's failure to respond to or to make timely response to requests for information.  Seacoast ended its relationship with Sheakley effective January 31, 1999.


## Discussion

Sheakley moves for summary judgment in its favor on the plaintiffs' ERISA claim brought under 29 U.S.C.A. § 1132(c), contending that it is not liable because it was not the Plan Administrator.  Sheakley moves for summary judgment on the state law claims on the grounds that those claims are preempted by ERISA and that the circumstances do not permit a cause of action under New Hampshire's Consumer Protection Act.  The plaintiffs object to Sheakley's motion.


A.  Section 1132(c) Claim

In Count I, the individual plaintiffs allege that Sheakley owed a duty to provide information to them and breached the duty by failing to respond to requests to provide information.  The plaintiffs seek damages under the statutory penalty provided in § 1132(c)(1)(B).  Sheakley contends that it cannot be held liable under § 1132(c)(1) because it was not the Plan Administrator, because the information requested is not subject to the penalty, and because the plaintiffs did not make a written request for the

4

information.

> Section 1132(c)(1) provides in pertinent part as follows:

> Any administrator . . . (B) who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

"Administrator," in the context of ERISA and as is pertinent to this case, means "the person specifically so designated by the terms of the instrument under which the plan is operated." 29 U.S.C.A. § 1002(16); see also Law v. Ernst & Young, 956 F.2d 364, 372 (1st Cir. 1992). The information required to be provided by the administrator is described in 29 U.S.C.A. §§ 1022(a)(1), 1024(b), and 1025(a) and (c). See 29 U.S.C.A. § 1021(a).

In this case, it is undisputed that Seacoast, not Sheakley, is designated the Plan Administrator in the Summary Plan Description. Relying on the analysis in Law, 956 F.2d at 372-73, the plaintiffs contend that Sheakley should be deemed the Plan Administrator for purposes of § 1132(c).

In Law, the court reasoned that the entity that controls the dissemination of required information and holds itself out to

5

plan participants as the administrator should be held liable under § 1132(c) for failure to comply with the statute's requirements. See Law, 956 F.2d at 372-73. There, the court found ample evidence in the plan documents and the administration of the plan that the employer, not the committee designated as the plan administrator, actually controlled the dissemination of information. See id. at 273. Specifically, the plan documents showed that the employer exercised extensive control over the designated committee and that the way the plan was administered indicated that the employer, not the committee, was the actual administrator. See id. at 273-74.

In this case, the plaintiffs argue that Sheakley exercised similar control over the dissemination of information for the Plan because Sheakley assumed the ERISA obligation of preparing summary annual reports for the Plan. The Summary Plan Description, however, explains that Plan participants are entitled under ERISA to receive a summary of the Plan's annual financial report and that "[t]he Plan Administrator [Seacoast] is required by law to furnish each Participant with a copy of this summary annual report." Id. at 20. That Sheakley assumed the obligation of preparing the annual report, as the plaintiffs contend, does not establish that Sheakley was involved in disseminating the report to individual Plan participants, as was

6

the case in Law.

The Plan documents submitted by the parties do not otherwise suggest that Sheakley (or its predecessor the Roberts-Haddad Group) was involved in the dissemination of Plan information. To the contrary, the Summary Plan Description states that Seacoast is the Plan Administrator and that the Administrator "keeps the records for the Plan and is responsible for the administration of the Plan. The Administrator will also answer any question you may have about your Plan." Def. App. at 5. In further contrast to the circumstances in Law, the plaintiffs here offer no evidence that Sheakley held itself out as the Plan Administrator.[1]

Based on the record presented for summary judgment, there is no material factual dispute that Seacoast, and not Sheakley, was the Plan Administrator. As a result, Sheakley is not liable under § 1132(c). Therefore, Sheakley is entitled to summary judgment in its favor on Count I.

---

[1]The plaintiffs appear to confuse Tami Spears's role as Coordinator of Human Resources and Administration for Seacoast with her status as a Plan participant. Her communications with Sheakley were more likely made in her Coordinator role on behalf of Seacoast, the Plan Administrator, rather than as a Plan participant.

7

B.  ERISA Preemption of State Law Claims

     Sheakley contends that the plaintiffs' state law claims for breach of contract and violation of New Hampshire's Consumer Protection Act, RSA 358-A, are preempted by ERISA.  ERISA "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ."  29 U.S.C.A. § 1144(a).  State laws, as used in § 1144(a), includes state law causes of action.  See 29 U.S.C.A. § 1144(c)(1); Ingersoll-Rand, Co. v. McClendon, 498 U.S. 133, 139 (1990).  A state law cause of action is preempted if "a plaintiff, in order to prevail, must plead, and the court must find, that an ERISA plan exists" or "if [the state law cause of action] conflicts directly with an ERISA cause of action."  Vartanian v. Monsanto Co., 14 F.3d 697, 700 (1st Cir. 1994); accord Hampers v. W.R. Grace & Co., Inc., 202 F.3d 44, 52 (1st Cir. 2000); Trombley v. New England Tel. & Tel. Co., 89 F. Supp. 2d 158, 167 (D.N.H. 2000).

     In support of its preemption argument, Sheakley states only that the plaintiffs have alleged that it was both the Plan Administrator and a Plan fiduciary and that the state law claims "plainly have a 'bearing on the intricate web of relationships among the principal players in the ERISA scenario.'" Def. Mem. at 13 (quote not attributed).  Sheakley did not address the proper

standard for ERISA preemption or provide any developed
argumentation in support of summary judgment.  Therefore,
Sheakley failed to carry its burden "of demonstrating the absence
of a genuine issue of material fact and that it is entitled to
judgment as a matter of law" on the question of ERISA preemption.
Carmona v. Toledo, 215 F.3d 124, 132 (1st Cir. 2000).


C.   Consumer Protection Act Claim

The New Hampshire Consumer Protection Act prohibits "any
unfair or deceptive act or practice in the conduct of any trade
or commerce within this state."  RSA 358-A:2.  The statute
includes examples of prohibited conduct but is not limited to the
examples provided.  See id.; see also Gautschi v. Auto Body
Discount Ctr., Inc., 139 N.H. 457, 459 (1995).  "[I]n order for
conduct to run afoul of the statute, it 'must attain a level of
rascality that would raise an eyebrow of someone inured to the
rough and tumble of the world of commerce.'"  Hobin v. Coldwell
Banker Residential Affiliates, Inc., 744 A.2d 1134, 1141 (N.H.
2000) (quoting Barrows v. Boles, 141 N.H. 382, 390 (1996)).

An ordinary breach of contract claim is not actionable under
RSA 358-A:2.  See Barrows, 141 N.H. at 390.  Generally, a
consumer protection act claim must arise from actions that are
commonly recognized as unfair, oppressive, or similarly culpable.

9

See Commercial Union Ins. Co. v. Seven Provinces Ins. Co., Ltd., 217 F.3d 33, 40 (1st Cir. 2000).

The plaintiffs offer only the affidavit of plaintiff Tami Spear in opposition to Sheakley's challenge to their claim. Spear states that Sheakley represented that its services would be of the highest quality and then did not live up to its promises. Specifically, Spear states that Sheakley failed to respond to a letter she sent requesting nondiscrimination testing results and determinations about employer matches. Spear also states that Sheakley consistently failed to respond within thirty days to her requests for information. Spear concludes that Sheakley's conduct was incompetent and indifferent.

The plaintiff Seacoast has not shown that Sheakley was obligated to provide the information Spear requested or that time limits applied to their responses. Seacoast has provided no evidence of unfairness or "rascality." It is not even clear what the terms of the administrative services agreement between Seacoast and Sheakley may have been. Based on the record presented, Seacoast shows, at most, an ordinary breach of contract claim as the basis for its consumer protection act claim, which is insufficient.

The claim by the individual plaintiffs stands on a different footing. Sheakley does not dispute its fiduciary relationship

10

with the individual plaintiffs.  A breach of fiduciary duty may in some circumstances constitute a consumer protection act claim. See, e.g., <u>James L. Miniter Ins. Agency, Inc. v. Ohio Indemnity Co.</u>, 112 F.3d 1240, 1251 (1st Cir. 1997).  The individual plaintiffs allege a breach of fiduciary duty by Sheakley, based on the same conduct that underlies the consumer protection act claim.  Since Sheakley has not addressed the breach of fiduciary duty aspect of the claim, Sheakley has not shown that it is entitled to summary judgment to the extent the individual plaintiffs bring a consumer protection act claim based on a breach of a fiduciary duty owed to them.[2]

D.  <u>Motion for Class Certification</u>

The plaintiffs filed a motion to certify a class of all participants in and beneficiaries of the Plan.  Because the nature of the plaintiffs' claims has changed due to partial summary judgment, the plaintiffs will be given an opportunity to refile their motion for class certification based on the claims that remain in the case.  Therefore, the plaintiffs' motion for class certification is denied without prejudice to refile.

---

[2]Sheakley also did not address whether such a claim would be preempted pursuant to 29 U.S.C.A. § 1144(a).

## Conclusion

For the foregoing reasons, the defendant's motion for partial summary judgment (document no. 17) is granted as to Count I and as to plaintiff Seacoast's claims in Count V, and is otherwise denied. The plaintiffs' motion for class certification (document no. 14) is denied without prejudice to refile.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

January 5, 2001

cc:  William G. Scott, Esquire
     William D. Pandolph, Esquire

12