Earl ALTIERI

v.

CIGNA DENTAL HEALTH, INC., and Frank P. Podrasky.

Civ. No. B–90–126 (EBB).

United States District Court,
D. Connecticut.

June 6, 1990.

John C. Dillman, Gentile, Chiota & Altieri, Bridgeport, Conn., for plaintiff.

Cynthia K. Courtney, Shipman & Goodwin, Hartford, Conn., Garie J. Mulcahey, Bai, Pollock & Dunnigan, Bridgeport, Conn., for defendants.

## RULING ON PENDING MOTIONS

ELLEN B. BURNS, Chief Judge.

On February 20, 1990, the plaintiff, Earl Altieri, commenced this action in the Superior Court for the State of Connecticut for the Judicial District of Fairfield at Bridgeport against the two above-named defendants, Cigna Dental Health, Inc., ("CDH"), and Dr. Frank Podrasky.[1] The core grievance expressed in the plaintiff's seven-count complaint is that Dr. Podrasky, in performing dental bridge work for the plaintiff, failed to provide him with the degree of professional care or skill ordinarily exercised by dentists in this state, and that CDH failed to investigate Dr. Podrasky's competence as a dentist prior to recommending him to patients subscribing to the dental health care plan, ("Plan"), it administered. Plaintiff alleges that he was injured as a result of the treatment he received from Dr. Podrasky.

On March 20, 1990, the case was removed by CDH to federal district court pursuant to 28 U.S.C. §§ 1331 and 1441(b) and 29 U.S.C. § 1132 on the grounds that the plaintiff's claim was based on a federal question under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et seq., ("ERISA"). Plaintiff now urges the court to remand the case to state court for want of a federal question. CDH contends, however, that not only is federal question jurisdiction present, but also that the case should be dismissed for failure to state a claim under ERISA.

For the reasons stated below, the plaintiff's motion to remand is denied and CDH's motion to dismiss is granted.

*Discussion*

I. *The Propriety of Removal:* Plaintiff visited the office of Dr. Podrasky on or about March 18, 1988 for the purpose of obtaining a dental examination and to have certain bridge work performed. Plaintiff alleges that, as a result of the dental work he received, he suffered serious and disabling physical and emotional injuries, one or more of which may be permanent. As a further result of Dr. Podrasky's alleged failure to exercise reasonable professional care, the plaintiff was required to incur considerable expenses for hospital and surgical care, and other dental and orthodontic expenses.

In his complaint, plaintiff enumerates six separate common law or statutory claims against CDH, namely that CDH (1) negligently failed to evaluate the competence of Dr. Podrasky and to provide the plaintiff with competent professional care, (2) violated the Connecticut Unfair Insurance Practices Act, C.G.S. § 38–61, ("CUIPA"), by misrepresenting the terms and benefits of the employee welfare benefit plan, (3) negligently misrepresented the services and/or materials to be provided under the plan, (4) intentionally misrepresented the services and/or materials to be provided under the plan, (5) violated the Connecticut Unfair Trade Practices Act, C.G.S. § 42–110a et seq., ("CUTPA"), by negligently and inten-

---

1. Defendant CDH administers an employee welfare benefit plan for BankMart, the plaintiff's employer, to which the plaintiff subscribed for dental insurance. Under the terms of the plan, the plaintiff was to be reimbursed for 100% of covered charges if he agreed to be treated by any one of a number of participating dentists recommended by the defendant. Dr. Podrasky, who was one of the participating dentists under the plan, agreed with CDH to seek removal of this case to federal court. However, Podrasky has not joined with CDH here in seeking dismissal of plaintiff's claims against him.

tionally engaging in the conduct described above, and (6) breached its contract with the plaintiff by engaging in the conduct described above.[2] The plaintiff contends that these various allegations fail to confer federal question jurisdiction upon this court, and that CDH's reliance on ERISA as a defense to his state law claims did not authorize removal of the case to federal court. The plaintiff seeks that the case be remanded to state court.

Ordinarily, the plaintiff would be correct in requesting that the court's determination of its removal jurisdiction be guided by the "well-pleaded complaint" rule. *See Franchise Tax Board of California v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 10, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983) (A defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case "arises under" federal law). However, an exception to this general rule applies where, as here, the plaintiff's claims are preempted by ERISA and fall within that statute's civil enforcement provisions. *Metropolitan Life Insurance Company v. Taylor*, 481 U.S. 58, 65–66, 107 S.Ct. 1542, 1547–48, 95 L.Ed.2d 55 (1987). This is so even where the complaint does not state an ERISA claim on its face. *Id.* at 66, 107 S.Ct. at 1547. Because ERISA claims are "necessarily federal in character," *Id.* at 67, 107 S.Ct. at 1548, removal of the case from state to federal court was properly granted, and the court has jurisdiction over the subject matter of this dispute. Accordingly, the plaintiff's motion to remand must be denied.

■ II. *Preemption of State Law Claims:* CDH contends that the plaintiff's state law claims are preempted by ERISA and, therefore, that the complaint against it should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In evaluating a motion to dismiss under Rule 12(b)(6), the court must consider all allegations in the complaint as true, and construe all facts in the light most favorable to the plaintiff. *Bankers Trust v. Rhoades*, 859 F.2d 1096, 1098 (2d Cir. 1988). The court will deny the motion unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Madonna v. United States*, 878 F.2d 62, 65 (2d Cir.1989) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)).

In enacting ERISA, the Congress established a comprehensive system for the regulation of employee welfare benefit programs. ERISA §§ 2–3, 29 U.S.C. §§ 1001–1002. The act provides a detailed system of civil enforcement which limits who may file suit, the grounds for such suits, and the relief to which a litigant is entitled. *Id.* at § 502, 29 U.S.C. § 1132. In describing ERISA's enforcement scheme, the Supreme Court has stated:

> The detailed provisions of [§ 1132] set forth a comprehensive civil enforcement scheme that represents a careful balancing of the need for prompt and fair claims settlement procedures against the public interest in encouraging the formation of employee benefit plans. The policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA.

*Pilot Life Insurance Company v. Dedeaux*, 481 U.S. 41, 54, 107 S.Ct. 1549, 1556, 95 L.Ed.2d 39 (1987). As part of this scheme, ERISA also preempts most state laws relating to employee benefit plains. *Id.* at § 514, 29 U.S.C. § 1144.[3]

**2.** Plaintiff also alleges a single count against Dr. Podrasky himself for failing to exercise the degree of care or skill ordinarily exercised by dentists in Connecticut.

**3.** An exception to ERISA's expansive preemption clause is contained in § 1144(b)(2)(A) of the statute, the so-called "savings clause," which provides that "nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities." Plaintiff does not argue here that any of his state or common law claims are exempted from preemption under this clause.

ERISA's preemption of state laws "relating to" employee benefit plans is broad in scope. *Metropolitan Life Insurance Company v. Massachusetts*, 471 U.S. 724, 739, 105 S.Ct. 2380, 2388, 85 L.Ed.2d 728 (1985). In determining whether a state law relates to an employee benefit plan, courts are to apply "common-sense," *Pilot Life, supra*, 481 U.S. at 47, 107 S.Ct. at 1552, keeping in mind that any indirect but substantial effect on an employee benefit plan may be sufficient to trigger preemption. *Metropolitan Life Insurance Company, supra*, 471 U.S. at 739, 105 S.Ct. at 2388. Although the plaintiff contends that his claims arise only under state common and statutory laws, federal courts, including this one, have repeatedly found that such claims "relate to" and thus are governed exclusively by ERISA. *Pilot Life, supra*, (ERISA preempts suit under state common law for alleged improper processing of a claim for benefits); *Lea, et al. v. Republic Airlines, Inc.*, 903 F.2d 624 (9th Cir.1990) (ERISA preempts state law claims of negligence and breach of contract brought in conjunction with an ERISA civil enforcement suit); *Anschultz v. Connecticut General Life Insurance Company*, 850 F.2d 1467 (11th Cir.1988) (ERISA preempts claim under Florida unfair practices statute); *Stone and Stone v. Blue Cross & Blue Shield of Connecticut*, Civil No. N–88–147 (ANH), 1988 WL 146645 (D.Conn. November 30, 1988) (Claims of breach of contract, negligent or reckless processing of insurance claims, and intentional misrepresentation of the status of those claims preempted by ERISA); *Lazaroff v. Blue Cross & Blue Shield of Connecticut*, No. H–88–519 (TFGD) (D.Conn. January 11, 1989) (Connecticut Unfair Trade and Insurance Practices statutes preempted by ERISA).

As was true in each of the above-cited cases, ERISA also preempts the plaintiff's negligence, misrepresentation, CUIPA, CUTPA, and breach of contract claims in this case since they all "have one central feature: the circumstances of [the plaintiff's] medical treatment under his employer's [dental] services plan for employees." *Rollo v. Maxicare of Louisiana, Inc.*, 695 F.Supp. 245, 248 (E.D.La 1988) (Dismissing as preempted by ERISA claims against ERISA-regulated health plan for tortious interference with contractual relationship, breach of contract, and intentional infliction of emotional distress).[4]

Plaintiff attempts to forestall this result by arguing that his state and common law claims against CDH may be "absorbed" by ERISA and converted into federal claims. In *Lea v. Republic Airlines, Inc.*, 903 F.2d 624 (9th Cir.1990), the Ninth Circuit rejected this very argument. In *Republic Airlines*, five former airline pilots challenged as violative of ERISA an agreement in which the retirement plan to which they belonged was terminated. In addition, the pilots claimed that their former employer had committed negligence and fraud and breached its contract with them in entering into the termination agreement. Notwithstanding ERISA's preemption of their state-law claims, the pilots claimed that such claims may be "recharacterized as federal claims if federal law provides both a superseding remedy replacing the state law cause of action and preempts that state law cause of action," and accordingly urged the appellate court to make good on the Supreme Court's promise in *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989) to develop a federal common law of rights and obligations under ERISA-regulated plans. *Id.* 903 F.2d at 632, (citations omitted). In rejecting this argument, the *Republic Airlines* court concluded that the Supreme Court's ruling in *Pilot Life, supra*, does not permit state law claims in addition to those actionable under ERISA. Moreover, the federal common law that the court envisioned in *Firestone Tire* relates to rights and obligations under the ERISA plan and not to causes of actions specifically rejected by the court in *Pilot Life* and

---

4. The plaintiff's pendent common law negligence claim against Dr. Podrasky is not precluded by ERISA. On the basis of the facts presently before the court, however, the court finds no grounds to exercise federal jurisdiction over this claim, and accordingly, this claim is remanded to the state court for further proceedings.

*Metropolitan Life Insurance Company v. Taylor. Republic Airlines, supra,* at 632 n. 11. For the reasons explained in *Republic Airlines,* the plaintiff's "absorption" argument here must also fail.[5] Accordingly, CDH's motion to dismiss for failure to state a claim is granted.

## Conclusion

For the reasons stated above, the plaintiff's motion to remand is denied, and CDH's motion to dismiss is granted. The plaintiff's pendent state law claim against Dr. Podrasky is remanded to the state court for further proceedings.

SO ORDERED.

---

**5.** To the extent that plaintiff relies on *Amos v. Blue Cross–Blue Shield of Alabama,* 681 F.Supp. 1515 (N.D.Ala 1988) in support of the proposition that pendent state law claims brought by pension plan beneficiaries continue as viable ERISA claims by "absorption," the court notes the Eleventh Circuit's recent decision, issued prior to the plaintiff's memorandum in opposition to CDH's motion to dismiss, reversed the district court's ruling in *Amos,* and held that "ERISA preemption is not a gateway but a barrier to state law causes of action, the effect of which is to completely displace state law claims." *Amos v. Blue Cross–Blue Shield of Alabama,* 868 F.2d 430, 431 (11th Cir.1989).