Catherine RICCI and Nicholas
D. Ricci, Plaintiffs,

v.

Lance GOOBERMAN, M.D., Elliot C.
Shull, Jr., M.D., Hikon Chon, M.D.,
South Jersey Radiology Associates, U.S.
Healthcare, Inc., i/j/s/a, Defendants.

Civ. A. No. 93–1013 (SSB).

United States District Court,
D. New Jersey.

Dec. 28, 1993.

Brian P. O'Connor, Law Offices of Gary D. Ginsberg, Mount Laurel, NJ, for plaintiffs.

Edward S. Wardell, Jeffrey S. Craig, Saul, Ewing, Remick, & Saul, Voorhees, NJ, for defendant U.S. Healthcare, Inc.

**OPINION**

BROTMAN, Senior District Judge.

*Before the court is the motion of defendant U.S. Healthcare, Inc., (hereinafter "U.S. Healthcare") to dismiss plaintiff's complaint or, in the alternative, for summary judgment. For the following reasons, the court grants the motion to dismiss.*

I. Background

This medical malpractice action arises from the alleged negligence of defendants South Jersey Radiology Associates (hereinafter "SJRA") and certain physicians in performing and evaluating a mammogram for plaintiff Christine Ricci (hereinafter "plaintiff"). Defendant U.S. Healthcare is a health maintenance organization ("HMO")[1] which furnished employee health care benefits for plaintiff's employer pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA") and the New Jersey Health Maintenance Organization Act, N.J.S.A. 26:2J–1 *et seq.*

In addition to the various claims against the SJRA defendants, plaintiffs allege in the Fifth Count of their complaint that defendant U.S. Healthcare "failed to advise [plaintiff] of certain abnormalities on a mammogram" and that "[s]aid treatment was performed in [a] careless, reckless and negligent manner." It is undisputed among the parties that plaintiffs seek to maintain their cause of action against U.S. Healthcare on a theory of vicarious liability.

In this motion, U.S. Healthcare contends that ERISA expressly preempts state law claims such as those made by plaintiffs in this case. Alternatively, U.S. Healthcare contends that, under the New Jersey HMO Act, it is fully immunized from liability under a negligence or malpractice theory.

II. Discussion

Section 514(a) of ERISA provides that its provisions "shall supersede any and all state

1. U.S. Healthcare is in fact the parent corporation of Health Maintenance Organization of New Jersey, Inc., ("HMO–NJ") a wholly-owned subsidiary and the actual furnisher of employee health care benefits to plaintiff. Defendant U.S. Healthcare concedes, however, that plaintiffs' failure to name HMO–NJ as a defendant is immaterial for purposes of the motion before the court. Indeed, U.S. Healthcare characterizes itself as an HMO its briefs.

laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). This preemption provision has been broadly construed; the Supreme Court has extended the scope of the provision to include both state statutory and common law actions that "relate to" employee benefit plans. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987); *accord Shiffler v. Equitable Life Assur. Soc.*, 838 F.2d 78 (3d Cir. 1988). According to the Supreme Court, a state law "relates to" an employee benefit plan when "it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983). The applicability of ERISA preemption in this case thus turns on whether a state tort claim premised on a vicarious liability theory "relates to" U.S. Healthcare's employee benefit plan.[2]

In *Corcoran v. United Healthcare, Inc.*, 965 F.2d 1321 (5th Cir.), *cert. denied*, — U.S. ——, 113 S.Ct. 812, 121 L.Ed.2d 684 (1992), the Fifth Circuit held that ERISA preempted a medical malpractice action brought against an administrative entity whose function involved furnishing medical benefits and even giving "medical advice." *Id.* at 1331. In so holding, the *Corcoran* court observed that Congress "enacted a preemption clause so broad and a statute so comprehensive that it would be incompatible with the language, structure and purpose of the statute to allow tort suits against entities so integrally connected with a plan." *Id.* at 1334.

In *Altieri v. Cigna Dental Health, Inc.*, 753 F.Supp. 61 (D.Conn.1990), the court faced a claim virtually analogous to the one before this court—a plaintiff sought to hold Cigna, the administrator of plaintiff's employee benefit plan, liable for the alleged malpractice of one of its providers.[3] The court dismissed the motion, holding that "ERISA ... preempts the plaintiff's claims

... since they all 'have one central feature: the circumstances of [the plaintiff's] medical treatment under his employer's [dental] services plan for employees.'" *Id.* at 64 (quoting *Rollo v. Maxicare of Louisiana, Inc.*, 695 F.Supp. 245, 248 (E.D.La.1988)).

The same can be said in regard to the instant plaintiff's claim against U.S. Healthcare. Indeed, the circumstances of plaintiff's medical treatment under her employee medical services plan—namely, the U.S. Healthcare plan—is part and parcel of her claim. Furthermore, as plaintiff's compellingly argue, the outcome of a vicarious liability claim arising from a health care provider's alleged malpractice ultimately depends on the relationship between the provider and the administrative plan under which he or she functions. Whether a doctor is an employee or an independent contractor, for example, will depend on factors such as the degree of control maintained over one's work and the method of payment. *Miklos v. Liberty Coach Co.*, 48 N.J.Super. 591, 602, 138 A.2d 762 (App.Div.1958). Each of these factors is defined by the contract between the provider and the HMO. Accordingly, it seems evident to this court that disputes involving such factors can fairly be characterized as "relating to" the governing employee benefit plan.

This conclusion departs from that reached by the court in *Independence HMO v. Smith*, 733 F.Supp. 983 (E.D.Pa.1990), a case relied upon by plaintiff. Concluding that state tort claims for money damages do not affect ERISA and that the plaintiff would otherwise be denied adequate relief, *id.* at 988, the *Smith* court held that a vicarious liability claim against an HMO was not preempted by ERISA. This court disagrees with the *Smith* holding for several reasons.

First, as stated above, it is this court's belief that vicarious liability claims do relate to employee benefit plans and, as such, implicate ERISA.[4] Second, to deny preemption

---

2. U.S. Healthcare points out, and plaintiffs do not contest, that HMOs furnishing health care benefits through group plans offered to employers constitute employee benefit plans under ERISA. *Benvenuto v. Connecticut General Life Ins. Co.*, 643 F.Supp. 87 (D.N.J.1986).

3. The plaintiff in *Altieri* specifically contended that Cigna "failed to investigate [the dental provider's] competence ... prior to recommending him...." *Id.* at 62.

4. U.S. Healthcare argues, and this court concurs, that the *Smith* court presented an inaccurately narrow standard in suggesting that preemption is

in vicarious liability claims while allowing preemption in direct negligence claims will lead to the anomalous result of decreasing HMO liability in correlation with the extent of its involvement in providing care. Third, denying preemption in vicarious liability cases against HMOs raises questionable public policy implications. As U.S. Healthcare cautions in its brief, such a rule effectively requires that both the provider and the HMO carry liability insurance for the acts of the provider, resulting in higher costs that certainly trickle down to plan beneficiaries.

Finally, the broad scope of ERISA preemption is ultimately a creature of Congress, whose design of the ERISA statute presumably reflects a deliberate and careful balancing of competing interests.[5] If it sees fit, Congress can clarify the scope of ERISA preemption so that litigation of the gray areas, such as that arising in this case, may be avoided in the future.

### III. Conclusion

For the forgoing reasons, the court holds that state tort claims arising under a theory of vicarious liability are preempted by ERISA.[6] The court having had no need to consider matters outside the pleadings of the respective parties, the motion to dismiss is granted. *See* Fed.R.Civ.P. 12(b)(6).

As a result of this holding, no issues conferring original jurisdiction on this court remain in plaintiff's case. Accordingly, the court exercises its discretion under 28 U.S.C. § 1367(c)(3) to decline supplemental jurisdiction and remands the remainder of the case to state court.[7] An appropriate order will be entered.

### ORDER GRANTING MOTION TO DISMISS AND REMANDING ACTION TO SUPERIOR COURT OF NEW JERSEY

This matter having arisen on the motion of defendant U.S. Healthcare to dismiss the complaint or, in the alternative, for summary judgment;

The court having carefully considered the submissions of the parties; and

For the reasons stated in the court's opinion of this date;

**IT IS** on this 21st day of December 1993 hereby

**ORDERED** that the motion to dismiss is **GRANTED.** It is **FURTHER ORDERED** that plaintiff's complaint is hereby **DISMISSED WITH PREJUDICE** solely as to defendant U.S. Healthcare; all counts remain intact as to all other defendants in this action. It is **FURTHER ORDERED** that, to the extent plaintiff's complaint survives the order of this court, this action be remanded to the Superior Court of New Jersey, Camden County, Law Division.

No costs.

---

warranted only for claims "premised on a violation of duties imposed by ERISA." 733 F.Supp. at 988 (quoting *Albert Einstein Medical Ctr. v. Action Mfg. Co.,* 697 F.Supp. 883, 885 (E.D.Pa. 1988)). As discussed above, only a "connection" or "reference to" an employee benefit plan is required. *Metropolitan Life Ins. Co. v. Massachusetts,* 471 U.S. 724, 739, 105 S.Ct. 2380, 2388–89, 85 L.Ed.2d 728 (1985); *see also Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 139, 111 S.Ct. 478, 483, 112 L.Ed.2d 474 (1990) (requiring only "indirect" effect).

5. *See Pilot Life Ins. Co.,* 481 U.S. at 54, 107 S.Ct. at 1556 ("The policy choices reflected in the inclusion of certain remedies and the exclusion

of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA.").

6. As a result of this holding, it becomes unnecessary for this court to address U.S. Healthcare's claim of state immunity under the New Jersey HMO Act.

7. The court notes that plaintiffs originally filed in state court, and that defendant U.S. Healthcare removed the case on grounds of ERISA preemption.