Milda C. SODERMAN, Plaintiff,

v.

John J. HORAN and Cigna Insurance Company, a/k/a Cigna Property & Casualty Group/INA, Defendants.

Civil Action No. 95–40029–NMG.

United States District Court, D. Massachusetts.

Feb. 16, 1996.

Stephen J. Gordon, Worcester, MA, for Milda C. Soderman.

Robert V. Deiana, Michael G. Donovan, Mirick, O'Connell, DeMallie & Lougee, Worcester, MA, for John J. Horan.

Carol F. Liebman, Mary Ellen Whiteman, Mark C. Rosenthal, Day, Berry & Howard, Boston, MA, for Cigna Dental Health, Inc.

## MEMORANDUM AND ORDER

GORTON, District Judge.

Pending before this Court is a motion by defendant, CIGNA Dental Health, Inc. ("CDH"), to dismiss plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6).[1] Plaintiff filed the above-entitled matter in the Massa-

---

1. Plaintiff's complaint named the wrong CIGNA entity as the defendant because her claims arise under an employee benefit plan administered by CDH, the proper party in the instant action.

chusetts Superior Court on January 13, 1995. On February 23, 1995, CDH removed the action to federal court, on the ground that it was governed by the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq. Five days later, CDH filed its motion to dismiss for failure to state a claim upon which relief can be granted. For the following reasons, defendant's motion will be allowed.

## I. *Factual Background*

When considering a motion to dismiss, this Court accepts as true the allegations of the complaint and draws all reasonable inferences in favor of the plaintiff. *Carreiro v. Rhodes Gill and Co., Ltd.,* 68 F.3d 1443, 1446 (1st Cir.1995). Plaintiff's complaint asserts the following relevant factual allegations:

1. Plaintiff, Milda C. Soderman ("Soderman") is a resident of Webster and a participant in a dental care plan ("the Dental Plan") offered by The Norton Company, her husband's employer. The Dental Plan, administered by CDH, allows participants to be reimbursed for a percentage of charges for dental care provided by a plan dentist chosen by the participant from a number of available plan dentists. CDH performs certain administrative duties for the Dental Plan in which plaintiff is a participant.

2. Plaintiff had been referred to a Dr. McCracken for implant and reconstruction services. When Soderman sought to assign to CDH her obligation to pay for the treatment, however, CDH refused and required her to obtain treatment from defendant, Dr. John J. Horan ("Dr. Horan"), a plan dentist who practices in Worcester.

3. During the course of his treatment of plaintiff, which extended from December, 1989 through September, 1993, Dr. Horan rendered negligent care and caused various injuries to plaintiff.

4. With respect to defendant CDH, the relevant allegations of plaintiff's complaint are ¶¶ 12–14, as follows:

12. [CDH] was negligent in its representation to [plaintiff] that [Dr. Horan] was ... competent to undertake the treatment that she needed and that said negligence is a proximate cause of [her] ensuing dental problems.

13. [CDH] was negligent in that it failed to properly obtain information or, indeed, research the capabilities of [Dr. Horan] before referring Mrs. Soderman to him ....

14. [CDH] knew or should have known that [Dr. Horan] was not capable of providing to [her] the type of treatment that she needed and the said negligence of [CDH] was a proximate cause of the ensuing injuries and dental care that [she] will be in need of.

## II. *Preemption of Plaintiff's Claims by ERISA*

The Dental Plan at issue in the case at bar is an employee welfare plan that falls within the purview of ERISA. This is so because the Plan is one which provides employees, "through the purchase of insurance or otherwise, ... medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident [or] disability...." 29 U.S.C. § 1002(1). Plaintiff is an eligible participant in the Plan because she is a dependent of an employee whose employer offers such health benefits.

Although plaintiff's claims purport to arise under state common law, it is well established that such claims, however pleaded, are governed exclusively by ERISA. *E.g., Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990); *Vartanian v. Monsanto Co.,* 14 F.3d 697 (1st Cir.1994). Section 514 of ERISA supersedes "any and all State laws insofar as they ... *relate to* any employee benefit plan...." 29 U.S.C. § 1144(a) (emphasis added). The term "State laws" is defined by ERISA to include "all laws, decisions, rules, regulations or other State action having the effect of law." 29 U.S.C. § 1144(c)(1). The Supreme Court has established that a law "relates to" an employee benefit plan for purposes of section 514 "if it has a connection with or reference to such a plan." *Ingersoll–Rand Co.,* 498 U.S. at 139, 111 S.Ct. at 483 (quoting *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85,

96–97, 103 S.Ct. 2890, 2899–900, 77 L.Ed.2d 490 (1983)).

In *Ingersoll–Rand Co.*, the Supreme Court determined that ERISA expressly preempts a cause of action where a plaintiff, in order to prevail, must plead, and the court must find, that an ERISA plan exists. 498 U.S. at 140, 111 S.Ct. at 483; *see also Vartanian v. Monsanto Co.*, 14 F.3d at 700 (plaintiff's misrepresentation claim preempted by ERISA where "the existence of the [ERISA plan] is inseparably connected to any determination of liability under state common law of misrepresentation").

The case of *Altieri v. Cigna Dental Health, Inc.*, 753 F.Supp. 61 (D.Conn.1990), is instructive in this regard. As in the case at bar, the plaintiff in *Altieri* sued CDH and a dentist for injuries suffered as a result of allegedly negligent care. The *Altieri* plaintiff, like Soderman, alleged that CDH failed, among other things, to investigate the dentist's competence prior to recommending him to patients enrolled in the Dental Plan it administered. 753 F.Supp. at 62. The district court dismissed plaintiff's claims against CDH, determining that the causes of action asserted against the defendant "related to" the plan and were preempted. *Id.* at 64. Specifically, the *Altieri* court noted that the plaintiff's state law claims (which included negligence, misrepresentation, and breach of contract) "all have one central feature: the circumstances of [the plaintiff's] medical treatment under his employer's [dental] services plan for employees." *Id.* (internal quotation omitted).[2]

In the case at bar, plaintiff's claims against CDH effectively allege that defendant acted wrongfully in performing its administrative tasks relating to the provision of benefits under a group Dental Plan governed by ERISA. In essence, the complaint alleges that:

1) CDH negligently misrepresented the competence of Dr. Horan to plaintiff (¶ 12),

2) CDH negligently selected Dr. Horan as a provider of dental services under the Plan (¶ 13), and

3) CDH negligently referred plaintiff to Dr. Horan (¶ 14).

Those claims undoubtedly "relate to" an ERISA plan within the meaning of § 514(a) of ERISA, because, in order to prove her allegations, Soderman must plead, and the court must find, that an ERISA plan exists. Indeed, as in *Altieri*, plaintiff's claims against CDH share one central feature: the circumstances of medical treatment received by Soderman under a plan subject to the strictures of ERISA. In sum, the relationship between the parties would not exist if it were not for the ERISA-governed plan. *See Vartanian*, 14 F.3d at 700 ("[T]here is simply no cause of action if there is no plan").

### III. *Plaintiff's Request to Amend Her Complaint*

After CDH filed its motion to dismiss, plaintiff had an opportunity to amend her complaint as of right.[3] Instead of choosing that option, plaintiff filed her Opposition to CDH's Motion to Dismiss ("the Opposition") in which she requested leave to amend her complaint to state a claim under ERISA.

Plaintiff's Opposition does not contest that ERISA preempts her negligence claims, but rather contends that she is entitled to state a cause of action for breach of fiduciary duty and damages, "not necessarily limited to payments for benefits under the plan." She claims several alleged inactions by CDH, including its failures to give notice of denial of benefits and to provide an opportunity for review of the plan's decision. Opposition at 3. Although plaintiff has not filed a proposed amended complaint, her Opposition im-

---

2. The *Altieri* court noted, however, that "[t]he plaintiff's pendent common law negligence claim" against the dentist was not precluded by ERISA. The Court declined to exercise jurisdiction over that remaining claim, however, and remanded the case to state court. 753 F.Supp. at 63 & n. 4.

3. Fed.R.Civ.P. 15(a) provides that a party may amend "once as a matter of course at any time before a responsive pleading is served." Inasmuch as CDH's motion to dismiss does not constitute a responsive pleading, see *Dartmouth Review v. Dartmouth College*, 889 F.2d 13, 22 (1st Cir.1989), plaintiff was not required to seek leave to amend. *See Correa–Martinez v. Arrillaga–Belendez*, 903 F.2d 49, 59 n. 8 (1st Cir.1990).

plies that she seeks an individual recovery for CDH's alleged violation of the fiduciary duty provisions of ERISA. 29 U.S.C. § 1132(a)(3). Opposition at 3, 4 ("[Where CDH] failed to act towards [plaintiff] in a fiduciary manner and breached that fiduciary obligation, she also has a recognized cause of action").

Because leave to amend "shall be freely given when justice so requires," Fed. R.Civ.P. 15(a), this Court allows amendments unless no sufficient justification therefor exists. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Correa–Martinez v. Arrillaga-Belendez,* 903 F.2d 49, 59 (1st Cir.1990). A court may properly deny a request to amend "[w]here an amendment would be futile or would serve no legitimate purpose," however. *Correa-Martinez,* 903 F.2d at 59; *see also Foman,* 371 U.S. at 178, 83 S.Ct. at 227 (a court may properly deny a request to amend for reasons such as "undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of amendment").

Section 502(a) of ERISA delineates the comprehensive civil enforcement scheme aimed at accomplishing that statute's important goals. 29 U.S.C. § 1132(a). That section allows a participant or beneficiary to bring a civil suit to recover benefits due under a plan, to enforce rights under the terms of a plan, and to obtain a declaration of the rights of a participant or beneficiary to future benefits. *See id.* The enforcement provisions found in § 502(a) are "the exclusive vehicle" for actions by ERISA-plan participants and beneficiaries because:

- [T]he detailed provisions of § 502(a) set forth the comprehensive civil enforcement scheme that represents a careful balancing of the need for prompt and fair claims settlement procedures against the public interest in encouraging the formation of employee benefit plans. The policy choices reflected in the inclusion of certain

remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA.

*Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 52, 54, 107 S.Ct. 1549, 1555, 1556, 95 L.Ed.2d 39 (1987).

Section 502(a)(3) of ERISA, cited in plaintiff's Opposition, allows a plan participant or beneficiary to bring a civil action:

(A) to enjoin any act or practice which violates any provision of [ERISA] or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of [ERISA] or the terms of the plan.

29 U.S.C. 1132(a)(3). Relying upon Justice Brennan's concurring opinion in *Massachusetts Mutual Life Ins. Co. v. Russell,* 473 U.S. 134, 157, 105 S.Ct. 3085, 3098, 87 L.Ed.2d 96 (1985), plaintiff contends that extra-contractual damages should be available to her under § 502(a)(3) for CDH's alleged breaches of its fiduciary duty.[4] Opposition at 3 ("[T]here is nothing limiting recovery [under § 502(a)(3)] to contractual damages only"). Although plaintiff correctly observes that the *Russell* Court reserved the question of whether extra-contractual damages (i.e., "other appropriate equitable relief") might be available under § 502(a)(3), her reliance upon *Russell* is misplaced.[5]

In *Drinkwater v. Metropolitan Life Ins. Co.,* 846 F.2d 821, 824–25 (1st Cir.), *cert. denied,* 488 U.S. 909, 109 S.Ct. 261, 102 L.Ed.2d 249 (1988), the First Circuit Court of Appeals expressly held that extra-contractual damages are not available under § 502(a)(3). In *Drinkwater,* the plaintiff, pursuant to § 502(a)(3), sought compensatory and punitive damages for an alleged breach of fiduciary duty by the plan. The First Circuit Court of Appeals, relying on *Russell,* determined

---

4. The compensatory damages Soderman seeks would be "extra-contractual" in the sense that such relief is not within the terms of the ERISA-governed plan at issue here. *See Drinkwater v. Metropolitan Life Ins. Co.,* 846 F.2d 821, 824 (1st Cir.), *cert. denied,* 488 U.S. 909, 109 S.Ct. 261, 102 L.Ed.2d 249 (1988).

5. In *Russell,* the Supreme Court held that extra-contractual damages are not available under ERISA § 502(a)(2), 29 U.S.C. 1132(a)(2). 473 U.S. at 138, 148, 105 S.Ct. at 3088, 3093.

that extra-contractual damages did not fall within the statutory grant of "other appropriate equitable relief" provided by § 502(a)(3)(B). *Drinkwater*, 846 F.2d at 824–25. The Court further explained that:

It is clear that the comprehensive provisions of ERISA were intended by Congress to be the exclusive remedy for beneficiaries under ERISA-authorized plans. In light of that history, we cannot conclude that Congress intended to authorize any form of relief other than what was expressly granted. "Other appropriate equitable relief" should be interpreted to mean what it says—declaratory or injunctive relief, not compensatory and punitive damages.

*Id.* at 824 (footnote omitted).

The foregoing conclusion is bolstered by the Supreme Court's decision in *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 255–260, 113 S.Ct. 2063, 2068–70, 124 L.Ed.2d 161 (1993). In *Mertens*, the Court, after a comprehensive review of the entire statute, determined that the term "appropriate equitable relief" as used in § 502(a)(3) did not include compensatory damages, which are "the classic form of legal relief." *Id.* at 255, 113 S.Ct. at 2068. Accordingly, because an individual recovery of extra-contractual damages under an action brought pursuant to § 502(a)(3) is not available to Soderman, the amendment suggested in her Opposition is untenable and would therefore be futile.

### ORDER

For the foregoing reasons, defendant CDH's motion to dismiss the complaint is **ALLOWED** and plaintiff's complaint against CDH is **DISMISSED.**

Although plaintiff's common law negligence claims against Dr. Horan are not precluded by ERISA, this Court, on the basis of the facts presently before it, finds no grounds to exercise federal jurisdiction over those claims. Plaintiff's negligence claims against Dr. Horan are, therefore, **REMANDED** to the state court for further proceedings.

SO ORDERED.