In re NEWCARE HEALTH
CORPORATION, et al.,
Debtors.

In re Newcare Health Corporation, et
al., by and through William A. Brandt,
Jr., as Court Appointed Chapter 11
Examiner with Expanded Powers,
Plaintiff,

v.

Midway Health Care Center,
Defendant.

In re Newcare Health Corporation, et
al., by and through William A. Brandt,
Jr., as Court Appointed Chapter 11
Examiner with Expanded Powers,
Plaintiff,

v.

Pleasant View Nursing, Defendant.

Bankruptcy Nos. 99–44160–
HJB to 99–44181–HJB.
Adversary Nos. 01–4251–
HJB, 01–4252–HJB.

United States Bankruptcy Court,
D. Massachusetts.

March 7, 2002.

Alan S. Dambrov, Cooley, Shrair, P.C., Springfield, MA, for Debtor.

## MEMORANDUM OF DECISION

HENRY J. BOROFF, Bankruptcy Judge.

The disputes before this Court have arisen at the outset of these adversary proceedings. In short, the controversy surrounds the Plaintiff's admitted failure to properly name the appropriate corporate entities as defendants in the instant adversary proceedings. The Court has before it the following motions in the respective actions: (1) "Motion to Dismiss Pursu-

ant to Fed. R. Bankr.P. 7012(b)," brought by Gordon Jensen Health Care Association, Inc. (hereinafter "Gordon Jensen"), for insufficiency of process and insufficiency of service of process (as to the misnomer of Midway Health Care Center); (2) "Motion to Dismiss Pursuant to Fed. R. Bankr.P. 7012(b)," brought by Brentwood Nursing, LLC (hereinafter "Brentwood"), for insufficiency of process and insufficiency of service of process (as to the misnomer of Pleasant View Nursing); (3) "Motion for Leave to Amend Complaint," brought on behalf of the estates of NewCare Health Corporation, et al. (hereinafter the "Debtors") through its Official Committee of Unsecured Creditors [1] (hereinafter the "Committee"), seeking to substitute Gordon Jensen as the properly named defendant for Midway Health Care Center; and (4) "Motion for Leave to Amend Complaint," brought on behalf of the estates of the Debtors by and through the Committee, seeking to substitute Brentwood as a properly named defendant for Pleasant View Nursing.

Because of the continuity between the parties, the similarity of issues and the procedural history, the Court held a hearing on both of the motions to dismiss on November 14, 2001. As of the date of the hearing, the Committee had filed oppositions to both motions to dismiss, but had not filed its motions for leave to amend. Those motions were later filed on December 7, 2001. Although the defendants have not filed a formal opposition to the Com-

mittee's motions to amend, they have made clear their opposition thereto by moving for dismissals with prejudice and in open court.

## I. Procedural Background and Facts

The relevant facts are undisputed. On June 22, 1999, NewCare and its various affiliates filed voluntary petitions in this Court under Chapter 11 of the Bankruptcy Code. The cases were jointly administered. Soon thereafter, William Brandt, Jr. (hereinafter the "Examiner") was appointed as the Debtors' Chapter 11 Examiner and was granted, *inter alia*, special powers to prosecute avoidance actions on behalf of the estate, including those under 11 U.S.C. § 547(b).

On June 22, 2001, the Examiner filed two separate avoidance actions pursuant to § 547(b) and § 550, naming Midway Health Care Center (hereinafter "Midway") and Pleasant View Nursing (hereinafter "Pleasant View") as defendants. The Examiner attempted to make service upon the named defendants by mailing the respective summonses and complaints by first class mail, addressed in each case to the "President" of Midway Health Care Center and Pleasant View Nursing, at their respective addresses in Georgia. But for the misnomer of the defendants, service was made in compliance with FED. R. BANKR. P. 7004(b).[2]

Before the expiration of the deadlines for filing answers or other responsive

---

1. In the course of preparing a Disclosure Statement and competing plan of reorganization, the Examiner and the Committee joined forces to prosecute preference actions arising under 11 U.S.C. § 547. The Examiner sought and received the authority to allow the Committee, as his agent, to prosecute any and all preference actions on his and the Debtors' behalf.

2. Rule 7004(b)(3) provides in relevant part:

[I]n addition to the methods of service authorized by Rule 4(e)-(j) [of the] F.R.Civ.P., service may be made within the United States by first class mail postage prepaid as follows: ... (3) [u]pon a domestic or foreign corporation ... by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent.

FED. R. BANKR. P. 7004(b)(3).

pleadings, counsel representing both named defendants and counsel for the Committee entered into stipulations, agreeing to extend those deadlines to August 31, 2001. By subsequent motions and orders, the deadlines were further extended to September 13, 2001.

On September 21, 2001, Gordon Jensen and Brentwood, both represented by local counsel, entered special appearances and the instant motions to dismiss on the basis of improper service of process and insufficiency of process. As grounds for the motions, Gordon Jensen and Brentwood state that the named defendants, Midway and Pleasant View, are not legal entities, but rather trade names or "d/b/a"s of the operating companies, Gordon Jensen and Brentwood, respectively.

Dismissal here would be extremely serious business. The Examiner waited until the last day before the expiration of the limitations period under 11 U.S.C. § 546(a)[3] to file these actions. Gordon Jensen and Brentwood admit actual notice of the avoidance actions, but the Examiner undoubtedly misnamed them. They argue that, because the statute of limitations has run, they would be prejudiced by now substituting them as the named defendants. For the same reason, they argue that the Committee should not be granted leave to amend the complaint. The defendants accordingly seek dismissals with prejudice, asking this Court to deny the Committee the opportunity to amend the complaints to substitute them as the proper party defendants.

3. Section 546 limits the time for filing avoidance actions brought under 11 U.S.C. § 547(b) to the earlier of: (1) two years after the entry of the order for relief or one year after appointment or election of the first trustee, whichever is later; or (2) the date upon which the case is closed or dismissed. *See* 11 U.S.C. § 546(a)(1), (2) (1993 & Supp.2001).

## II. Discussion

Two discrete issues are presented here. As a preliminary matter, the Court must determine whether the Examiner should be granted leave to amend the complaints pursuant to FED. R. CIV. P. 15(a) as incorporated by FED. R. BANKR. P. 7015. Assuming that leave is granted, expiration of the statute of limitations requires that the Court conduct a second and separate analysis under FED. R. CIV. P. 15(c) in order to determine whether the amendment substituting parties as defendants relates back to the date of the original complaint. If the doctrine of relation back is not permitted, the motions to dismiss must be granted for insufficiency of service of process and insufficiency of process, as the improper parties were served.

### A. Amendment of the Complaints

 Federal Rule of Bankruptcy Procedure 7015 incorporates by reference and applies Rule 15 of the Federal Rules of Civil Procedure to adversary proceedings brought pursuant to 11 U.S.C. §§ 547(b) and 550. *See* FED. R. BANKR. P. 7001(1), 7015. Rule 15(a) concerns a party's opportunity to amend its pleadings and states that:

> [a] party may amend [it]s pleading once as a matter of course at any time before a responsive pleading is served .... Otherwise a party may amend [it]s pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Because these dates were filed as voluntary cases, the date of case commencement, June 23, 1999, constitutes the date of the entry of the order for relief. *See* 11 U.S.C. § 301 (1993). Accordingly, the deadline for the filing of avoidance actions was June 23, 2001. Again, the instant complaints were filed on June 22, 2001.

FED. R. CIV. P. 15(a). In determining whether leave to amend should be granted, the court has wide discretion to grant such leave. It is limited only by the Supreme Court's admonition that leave to amend should not be permitted where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

█ It is well settled within the First Circuit, however, that a motion to dismiss is not a responsive pleading for the purposes of FED. R. CIV. P. 15. *See Dartmouth Review v. Dartmouth College*, 889 F.2d 13, 22 (1st Cir.1989) (holding that motion to dismiss is not a responsive pleading under Rule 15(a)); *McDonald v. Hall*, 579 F.2d 120, 121(1st Cir.1978) (same); *United States v. Newbury Mfg. Co.*, 123 F.2d 453 (1st Cir.1941); *Soderman v. Horan*, 165 F.R.D. 8, 10 n. 3 (D.Mass.1996) (stating that plaintiff was not required to seek leave to amend complaint as defendant's motion to dismiss did not constitute a responsive pleading under FED. R. CIV. P. 15(a)). Since neither defendant filed a responsive pleading in the respective cases, the Committee may file, as a matter of course, one amended complaint in each. *See* FED. R. CIV. P. 15(a); *Soderman*, 165 F.R.D. at 10 n. 3.

█ Perhaps unaware of this well-settled precedent (or simply out of caution), the Committee has filed the instant motions to amend its complaints; but, even if the Committee did not have the *right* to amend, the Court would grant that leave to amend under the liberal standard set forth in FED. R. CIV. P. 15(a). Indeed, this is a highly appropriate case for the exercise of such discretion.

The sole amendment to the complaints is to correct a misnomer of a party. No new claims are added by the Committee. Furthermore, the proper defendants had notice, albeit technically flawed according to the relevant rules of procedure, as well as actual knowledge of the claims and proceedings against them. Finally, for reasons discussed further below, no substantial prejudice will result to the substituted corporate defendants and there is no evidence that the Committee has acted in bad faith or with a dilatory motive. Thus, leave to amend is proper within the discretion of the Court. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (holding that grant or denial of leave to amend is within the discretion of the trial court); *Grella v. Zimmerman (In re Art & Co., Inc.)*, 179 B.R. 757, 763 (Bankr.D.Mass.1995) (stating that amendment and relation back are appropriate to correct technical mistakes or omissions).

## B. The Relation Back Doctrine

█ FED. R. CIV. P. 15(c) provides as follows:

An amendment of a pleading relates back to the date of the original pleading when (1) relation back is permitted by the law that provides the statute of limitations applicable to the action; (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; or (3) the amendment changes the party or the naming of the party against whom a claim is asserted in the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintain-

ing a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the property party, the action would have been brought against the party.

FED. R. CIV. P. 15(c).

■ Section 546(a) of the Bankruptcy Code, the statute of limitations applicable to preference actions, does not expressly or impliedly permit relation back of amendments, and thus FED. R. CIV. P. 15(c)(1) is inapplicable. *See* 11 U.S.C. § 546(a); *see also Grella v. Zimmerman (In re Art & Co., Inc.)*, 179 B.R. 757, 763 (Bankr.D.Mass.1995). The appropriate analysis is under FED. R. CIV. P. 15(c)(3).

The Committee contends that because Gordon Jensen and Brentwood have had actual notice of the respective complaints virtually from the outset, the proposed amendments should relate back to the original complaint. Gordon Jensen and Brentwood do not deny such notice; rather they argue that, if the amendment is permitted, they will be prejudiced by having to defend the suit (which they would not have to do if the limitations period is deemed to have run). The appropriate disposition of this dispute depends on a more detailed, less conclusionary approach.

■ Under FED. R. CIV. P. 15(c)(3), relation back to substitute a proper party will be permitted when a tripartite test is met. First, the claims or defenses in the original pleading and amended pleading must share some commonality. Second, the proper party defendant must have, within the period as prescribed in FED. R. CIV. P. 4(m), received notice of the suit such that

it will not be prejudiced in maintaining a defense on the merits. Third, the proper party must have known or should have known that, but for the misnomer, it would have been named as a party. *See* FED. R. CIV. P. 15(c)(3); *Leonard v. Parry*, 219 F.3d 25, 28 (1st Cir.2000).

Here, the Committee seeks to amend its complaints solely by substituting the corporate entities for the misnamed defendants. No new claims are presented nor are new operative facts alleged. The same substantive defenses are available to the defendants. Accordingly, the first part of the test is met.

The second criteria invites a more complex analysis. To qualify for the relation back doctrine, the proper parties must have, within the period provided by Rule 4(m), received notice of the suit and not be prejudiced in mounting a defense on the merits to the claim. Rule 4(m) governs the time for service of a summons and complaint. It permits dismissal of the complaint without prejudice if service is not completed within 120 days from the date of filing of the complaint.

■ Here, Gordon Jensen and Brentwood have not received formal service of process. Nevertheless, in the context of Rule 15(c), formal notice within the 120 day time frame is not required. Notice sufficient to avoid prejudice to the defendant, as opposed to formal service of process, is all that is required within the 120 day period. *See Freund v. Fleetwood Enters.*, 956 F.2d 354, 363 (1st Cir.1992) (discussing mere notice or knowledge requirement for purposes of Fed.R.Civ.P. 15(c)(3)).[4]

---

4. In response to a decision of the United States Supreme Court holding that both filing and service must be upon the proper party within the statute of limitations allowed by the applicable law, Rule 15 was amended to allow the most forgiving principles of relation back and time for formal service in the event of a party misnomer. *Compare Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986) *with* FED. R. CIV. P. 15

■ The First Circuit Court of Appeals employs an "identity of interest" test to determine whether the informal notice received is sufficient to avoid prejudice to the proper party. *See Ayala Serrano v. Gonzalez,* 909 F.2d 8, 12 (1st Cir.1990). Under the "identity of interest" test, if the original defendant and the added party are "closely related in business or other activities ... it is fair to presume the added parties learned of the institution of the action shortly after it was commenced." *Ayala Serrano,* 909 F.2d at 12 (*citing Hernandez Jimenez v. Calero Toledo,* 604 F.2d 99, 102 (1st Cir.1979)).

Here, Gordon Jensen and Brentwood and the named defendants meet the identity of interest test. Midway and Pleasant View are merely trade names or "d/b/a"s of Gordon Jensen and Brentwood, respectively. Indeed, in their motions to dismiss, the corporate entities admit to having actual knowledge of the adversary proceedings shortly after the operating entities received the summonses and complaints. Moreover, the First Circuit Court of Appeals has also held that simple delay of notice to a misnamed party beyond a limitations period is not alone sufficient to demonstrate legal prejudice. *Leonard v. Parry,* 219 F.3d 25, 28 n. 1 (1st Cir.2000). Neither Gordon Jensen nor Brentwood have asserted any other source of legal prejudice. Both corporations have the full panalopy of defenses on the merits available to them. Thus, the second part of the test is met.

Under the third part of the test, relation back to substitute a new party will be permitted only where, but for the mistake in naming the party, the proper party knew or should have known that it would have been named. This test is easily satisfied here. Not only did Gordon Jensen and Brentwood have actual notice of the commencement of the respective adversary proceedings, *see* Gordon Jensen Motion at ¶ 7; Brentwood Motion at ¶ 7, but they were the holders of the operating licenses for the nursing care facilities denominated as Midway and Pleasant View.

### III. Conclusion

The requirements of FED. R. CIV. P. 15(a) and (c) have been met. The Complaints may be amended in the form sought by the Committee, and those amendments will, for the purposes of § 546, relate back to the date of the filing of the original Complaints.

Accordingly, this Court will grant the Committee's "Motion for Leave to Amend Complaint to Avoid and Recover Preferential Transfers as to Gordon Jensen Health Care Association, Inc." and "Motion for Leave to Amend Complaint to Avoid and Recover Preferential Transfers as to Brentwood Nursing, LLC." Gordon Jensen's "Motion to Dismiss Pursuant to Rule 7012(b) of Federal Rules of Bankruptcy Procedure" and Brentwood's "Motion to Dismiss Pursuant to Rule 7012(b) of Federal Rules of Bankruptcy Procedure" will be denied.

As the time for formal service of the summons and complaint has expired under Fed.R.Civ.P. 4(m), and the Committee has shown good cause for the granting of an extension of time therefor, the time for service of the amended complaints shall be extended to April 10, 2002. Gordon Jensen and Brentwood, the properly named defendants, shall have 30 days from the

advisory committee's 1991 note (stating purpose of amendment as "prevent[ing] parties against whom claims are made from taking unjust advantage of otherwise inconsequential pleading errors to sustain a limitations defense.").

date of service of the amended complaints to file a responsive pleading.